ANTHONY C. WILLIAMSON, Respondent, *v.* EDWARD L. GOTTSCHALK, Appellant.

March 7, 1876.

A mortgagee of personal property, having brought an action of replevin against a second mortgagee who was in possession, the defendant brought into court the money due on the first mortgage and tendered it to the plaintiff. He did not plead his second mortgage, but relied on his possession and this tender. The plaintiff replied that since the commencement of the suit he had sold the property, under his first mortgage, to a third person. *Held,* 1. That the first mortgagee (plaintiff) was justified in replevying the property. 2. Upon the payment or tender of the debt, to secure which the mortgage was given, he was compellable to give up the property. 3. If before such tender he had, under the terms of the mortgage, sold the property, he will be excused for refusing the tender and failing to give up the property, but the burden of showing that he has so sold it lies on him, and, in the absence of all evidence on this subject, the court must presume that no such sale was made.

APPEAL from St. Louis Circuit Court.

*Reversed and remanded.*

*Gottschalk,* for appellant, cited: 1 Hill. on Mort. (4th ed.) 323, sec. 2; Dixon on Subrogation, 20; Mullanphy *v.* Simpson, 3 Mo. 492 (Houck ed. 262); Wolf *v.* Watter, 56 Mo. 292; Schouler on Pers. Prop. 558; Powers *v.* Powers, 11 Vt. 262; 2 Perry on Trusts (2d ed.), 176, sec. 602; Davis *v.* Warfield, 38 Ind. 461; Gibson *v.* Mosier, 9 Mo. 257 (Houck ed. 154); Smith's Ld. Cas. (Hane & Wall. ed.) 274, 216; 2 Greenl. on Ev., title Tender, secs. 569, 600; Eslow *v.* Mitchel, 26 Mich. 500; Adams *v.* Helm, 55 Mo. 468; Wag. Stat. 1026, sec. 14; Beale *v.* Dale, 25 Mo. 301; White *v.* Van Houton, 51 Mo. 557.

*Bell & Thompson,* for respondent, cited: Pemie *v.* Poulson, 53 Mo. 310; Wolf *v.* Walters, 56 Mo. 292; 1 Tidd's Pr. 643.

GANTT, P. J., delivered the opinion of the court.

Williamson, the holder of the first deed of trust on certain chattels, sued Gottschalk, who had possession of them, in

replevin. Prior to the commencement of the suit, Gotts-- chalk offered to pay to Williamson the balance due on the note secured by his deed. Williamson was willing to accept this money and release the deed of trust, but Gottschalk seems to have wished to keep the incumbrance alive. On this point the negotiations fell through; Williamson sued to replevin, and Gottschalk, not setting up that he was the holder of a second deed of trust, pleaded that he had tendered to Williamson the balance due under the first, before suit, and brought the money into court, offering to Williamson's acceptance. The plaintiff denied the tender, and alleged that, since the commencement of the suit, he had disposed of the property under the first deed of trust, and that one Bishop had become the purchaser.

It appeared in evidence that the first deed of trust was executed by George S. Schwartz, dated November 1, 1871; the second on December 28, 1872. Only $58.65 was due under the first incumbrance when this suit was commenced. The defendant, it will be seen, did not set up his second deed, but relied on his possession and the tender of the amount due under the first. Each deed was duly acknowl- edged and promptly recorded. Plaintiff gave in evidence the deed dated November 1, 1871. A. R. Neal, for plaintiff, testified that he saw W. B. Thompson purchase the note secured by the first deed of trust, on which there was a balance due of $57 or $58, by paying that sum therefor. That witness purchased the property in July, 1872, from Jacob K. Schwartz; that George Schwartz was then in possession of it.

Defendant offered in evidence a bill of sale from George S. to Jacob K. Schwartz. The court, on plaintiff's objec- tion, excluded this instrument, and defendant excepted.

Defendant then asked leave to amend his answer so as to show that he claimed as second incumbrancer. The court refused leave, and defendant excepted. Defendant then offered the deed from Jacob K. Schwartz to George S.

Schwartz, dated December 28, 1872. The court excluded this paper, and defendant excepted. Plaintiff admitted that the balance due on the note secured by the first deed had been paid into court by defendant.

The court instructed the jury as follows, defendant excepting:

1. "If the jury believe from the evidence that the plaintiff was the trustee of a deed of trust executed by George S. Schwartz, dated November 1, 1871, and that said deed of trust was unpaid and unsatisfied at the commencement of this suit, and that the property described in said deed of trust was the same property in possession of defendant, and was of the value of $300, then they will find for the plaintiff."

2. "The jury are instructed that, upon the issues joined in this case, the only question to be determined between plaintiff and defendant is whether the note and deed of trust executed to plaintiff, dated November 1, 1871, conveyed the personal property described in the petition, and that the same was of the value of $300, and was in possession of the defendant at the commencement of this suit and the service of the writ of replevin, and at the time of the service of the writ of replevin in this action the note and deed of trust were paid and satisfied; and if they find from the evidence that the personal property described in the petition was in the possession of defendant, and was the same described in said deed of trust, and was of the value of $300, and that said note was not paid or satisfied at the time of the service of the writ of replevin and of the filing of this suit, then they will find a verdict for the plaintiff."

Defendant asked the following instructions, which the court refused, defendant excepting:

1. "The court instructs the jury that plaintiff, under his deed of trust, was only entitled to the possession of the property, herein sued for, for the purpose of securing to him the payment of the sum remaining unpaid; and if the jury find

from the evidence that such sum was either paid to him or tendered to him by the defendant, and that defendant had at that time a right to the property, or was in possession thereof, then said tender extinguished the right of possession as against the defendant, and the jury will find for the defendant."

2. " The court instructs the jury that if they believe from the evidence that, prior to the sale under the deed of trust from George S. Schwartz to Williamson, read in evidence by plaintiff, the defendant, being the trustee in a later deed of trust which covered some of the same property conveyed in said first-mentioned deed, tendered to said Williamson, or to the legal holder of the note secured by said first deed, all that was due on said note or under said first deed, and has ever since been ready to pay such money, and deposited the same in court, and that the plaintiff refused to receive the money due, but brought the suit against this defendant, who was at that time in actual possession, claiming an interest therein, then plaintiff cannot recover in this action."

3. " If the jury find from the evidence that defendant, being a second incumbrancer, did, before the bringing of this suit, offer and tender to the plaintiff herein, or his *cestui que trust*, the amount of his claim remaining unpaid under the prior deed of trust, and said plaintiff, or his *cestui que trust*, refused to accept the same, then they will find for the defendant."

The jury found a verdict for plaintiff, and, after the usual motions, defendant appealed.

1. This is not a satisfactory record. There must be some errors of a clerical nature in it. The first deed of trust was made by George S. Schwartz, and was dated November 1, 1871. In July, 1872, Neal testifies that he bought the property from Jacob K. Schwartz, and that George S. Schwartz was then in possession. But defendant claimed, or professed to claim, under a deed executed by Jacob S.

Schwartz to George S. Schwartz's trustee, dated December 28, 1872, nearly six months after Neal purchased from Jacob K. Schwartz. A bill of sale from George S. to Jacob K. Schwartz, dated December 28, 1872, had been excluded. The transaction is not explained, and, as Neal does not intervene, we will treat him as if his rights, if any, were not involved in this controversy.

2. The second instruction given at the instance of the plaintiff is confused and unintelligible as to the first half of it; and, in the second, it mistakes the law. It tells the jury that, if they find, among other things, " that said note had not been paid or satisfied" at the commencement of this suit, they must find for the plaintiff. Now, it is plain that if the jury had found all the other matters indicated by the instructions, and that the note had not been paid, but had *been tendered,* before the commencement of this suit, plaintiff was not entitled to a verdict. In order to make this instruction anything but a misleading declaration, such a qualification should have been added. It was quite consistent with this instruction that the plaintiff, wantonly refusing the money secured by his deed of trust, went on to sue in replevin, and, having got the property in his hands, claims to hold it against the tender of money brought into court with the answer of defendant; for there was no evidence whatever of the sale set up in the reply of the plaintiff. This was a matter to be proved. No evidence was given of it, and, if the court meant to say that no issue existed as to its having been made, we think it mistook the law. Yet the court, in its instruction under consideration, seems to tell the jury there was only one question before them, and then proceeds to tell them what members or particulars that question embraces. But in this enumeration it omits all reference to the issue, raised by the reply, respecting the sale of the property under the first deed of trust.

If the defendant made no tender of the money due under the first deed of trust, plaintiff was justified in replevying

the property. But if the defendant brought into court with his answer the money so due, and tendered it to the plaintiff, then the proper judgment would have been for the return of the property to defendant, he paying all costs.

If, before such tender was made, plaintiff had sold this property, in pursuance of the provisions of the deed of trust, that would cut off any claim of the second incumbrancer, which defendant asserts that he is. Now, plaintiff asserts in his reply that he has made such a sale, but there is no evidence of it in this record, and we must, therefore, treat it as non-existing. It is, then, the case of first mortgagee suing mortgagor, or second mortgagee, and tender made of the debt secured by the mortgage, the money tendered being paid into court. This is all; and we fail to see why defendant was not, by reason of this payment, entitled to have the property returned to him, he paying all the costs incurred up to the payment.

The judgment is reversed and the cause remanded, all the judges concurring.