W. W. HEAPS, Respondent, v. G. W. JONES, Appellant.

St. Louis Court of Appeals, December 21, 1886.

1. LIENS—LIVERY STABLE KEEPERS.—A livery stable keeper's lien for keeping a horse does not depend upon his possession of the animal, but he retains, to the extent of his lien, a special property in the horse wrongfully removed from the stable, while it remains in the possession of the owner, or of one claiming under him with notice of the lien.

2. —— REMEDIES — REPLEVIN. — The statute (sect. 3197, Rev. Stat.) does not furnish the exclusive remedy where a horse upon which there is a stable keeper's lien has been wrongfully removed from the stable, but the lienor may enforce his rights in the horse by replevin.

3. IMPLIED CONTRACTS.—The law implies a contract on the part of the owner to pay for the keeping of an animal while it is detained under valid legal process.

Appeal from the St. Louis Circuit Court, Amos M. Thayer, Judge.

*Affirmed.*

Chas. F. Joy, for the appellant: "The law never implies what the parties never intended ; never raises a promise in such circumstances." *Bank v. Aul*, 80 Mo. 200 ; *Morris v. Barnes*, 35 Mo. 412; *Hurt v. Hurt*, 41 Mo. 441. "When services are rendered and received without any expectation of payment no claim can be preferred therefor." *Morris v. Barnes*, 35 Mo. 412. "If one claims a lien on a horse for board, and the horse is not in his possession, he can not obtain possession by action of replevin." *McCreery v. Muench*, 7 Mo. App. 589.

Wm. S. Bodley, with whom is F. A. Wind, for the respondent.

Rombauer, J., delivered the opinion of the court.

The parties submitted this cause to the trial court on the following agreed statement of fact :

"The plaintiff is, and from June 29, 1885, up to the time of bringing this suit was, a livery and boarding stable keeper in the district of the justice of the peace wherein this case is brought. On June 29, 1885, the defendant left the horse described in the complaint at the plaintiff's stable for keep and board. On August 5, 1885, the defendant took his horse from the stable for temporary use, and without the plaintiff's consent and without notice to the plaintiff refused to return the horse. On August 10, 1885, the plaintiff recovered the horse by a suit in replevin, and afterwards on the same day commenced a proceeding to enforce a stableman's lien on said horse for his keep from June 29, to August 5, 1885. The plaintiff was successful in both

these proceedings before Justice O'Connel. The defendant appealed the replevin suit to the circuit court, where on December 11, 1885, the judgment of the justice in said cause was affirmed for failure to give notice of appeal. After advertisement under execution in the lien suit the defendant, on the thirteenth day of August, 1885, paid to the constable the amount of the first lien claim and costs. The defendant did not demand the horse from either the plaintiff or the constable, and when the constable told the defendant he might go and take the horse on August 13, said that the horse was being well fed and cared for, and that he would make the plaintiff pay well for taking the horse under the replevin suit. The horse remained in the stable of the plaintiff from the eleventh day of September, 1885, where it was fed and taken care of until the twenty-fifth day of December, 1885. On December 12, 1885, the plaintiff demanded of the defendant payment of the bill for keeping the horse as per account filed in this cause. After the defendant took the appeal in this cause, he, for the first time, demanded possession of the horse from the plaintiff and it was delivered to him. That the charges made in the bill filed are reasonable and fair for keeping and boarding the horse."

The charges made in the bill filed are $56.40, and the court on the above agreed statement of facts rendered judgment for the plaintiff for that amount.

The defendant appealing assigns for error that the judgment of the court is against the law, and makes the following points:

"1. A livery stable keeper is not entitled to a statutory lien for the keeping of a horse where he has obtained possession of the horse and holds it under, and by virtue of writ and judgment in replevin."

"2. The right to possession in the respondent, as determined by the judgment in replevin of December 8, carried with it the right to use, and either the right

of possession against the owner, or the right to use destroys the right to a lien or charge for board or care."

"3.   The basis of a livery stable keeper's right to a lien, and even his right to charge for the keep of a horse is based upon contract, expressed or implied.   There was no express contract in this case, and no contract would arise by implication of law."

In order to dispose of these points intelligently it becomes necessary to determine the nature and extent of the statutory lien of a livery stable keeper, and the remedies which he may lawfully resort to in enforcing it.   We do this more fully than the exigencies of the case before us necessarily demand, because it is of importance that questions of daily occurrence should be definitely settled as soon as brought to the attention of appellate courts.

The first section of the statute on the subject provides:   "Every person who shall keep, board, or train any horse, mule, or other animal, shall, for the amount due therefor, have a lien on such animal, and on any vehicle, harness, or equipment, coming into his possession therewith, and no owner or claimant shall have the right to take any such property out of the custody of the person having such lien, except with his consent, or on the payment of such debt, and such lien shall be valid against said property in the possession of any person receiving or purchasing it with notice of such lien."

The statute in its present form is a re-enactment of the statute of March 27, 1875 (Laws 1875, p. 85), which contained a proviso referring to cases where the use of the horse was reserved to the owner or claimant, and was taken by him from the custody of the person keeping or boarding the same.   The proviso made the lien as effectual in case of such removal, as if the property had not been removed.   The practical inconvenience, and apparent injustice of enforcing this proviso, against purchasers and subsequent lienors in good faith, prob-

ably led the legislature to omit it in the re-enactment of the statute, and to insert in lieu thereof the last clause of the section as it now stands, making the lien valid against the property in possession of any person receiving or purchasing it with notice of such lien.

The second section of the present statute provides how this lien may be enforced. A perusal of this section, however, will show that it provides for a proceeding *in rem*, the essential requisite of which is that the thing itself should be within the jurisdiction of the court. When the thing has been removed beyond such jurisdiction, the remedy thus provided necessarily fails. There is nothing in this section which leads to the conclusion, that it intended to deprive the lienor of other remedies. The fact that the statute provides one remedy does not preclude the parties from pursuing other remedies which they may have at common law. *Belkin v. Hill*, 53 Mo. 492.

Now in the case under consideration the statute provides, not only for the lien, but also, that "no owner or claimant shall have the right to take away any such property out of the custody of the person having such lien, except with his consent, and on the payment of such debt." Thus it expressly provides that the person boarding the horse shall have a special property therein to the amount due for such board, and that the taking away of the horse without payment of such debt, against the consent of the keeper, shall be wrongful. The keeper is thus invested with a special property and the right of possession as against the general owner, and these two elements entitle him to maintain an action of replevin.

The case of *McCreery v. Muench* (7 Mo. App. 589), as far as it necessarily conflicts with the views herein expressed, is overruled.

Under the equitable rule established in actions of replevin by *Dilworth v. McKelvy* (30 Mo. 149), and *Boutell v. Warne* (62 Mo. 350), there is no reason why a

complete and satisfactory adjustment of the rights of the parties can not be made, even under this statute in that form of proceeding. This court has held that where a mortgagee in a chattel mortgage brings replevin against the mortgageor or a subsequent mortgagee, and the defendant tenders with his answer the amount due on the plaintiff's mortgage, the judgment should be for the return of the property to the defendant, upon his paying all the costs. *Williamson v. Gottschalk*, 1 Mo. App. 425. Thus in the case at bar if the defendant desired to avoid all costs of subsequent litigation, all he had to do was to tender the amount due for the keep of the horse, and costs in the replevin suit, and the property would then have been delivered to him.

He failed to do so although he admits that the debt was justly due. He left no other recourse to the plaintiff than to proceed under the statute to foreclose his lien. The plaintiff never claimed the horse as his own. There is no evidence in the case that he ever exercised the right of a general owner over it. He only claimed the special property therein which the law gave him. When that special property ceased he informed the defendant that he might take the horse, but the defendant refused to take it stating that it was well taken care of where it was.

Finding as we do, that the horse was lawfully in possession of the plaintiff during the entire time, with the defendant's knowledge and after a certain time with the defendant's consent, because he refused to take it away although at liberty to do so, we must find that the trial court was justified in deciding that the law implied a promise on the part of the defendant to pay for the keep of the horse.

The judgment is affirmed. All the judges concur.