<hr />

DILWORTH, Appellant, v. McKELVY, Respondent.

1. Where, in an action for the possession of personal property, under the seventh article of the practice act (R. C. 1855, p. 1242), the plaintiff obtains possession of the property upon giving bond, and fails to prosecute the

| 30 | 149 |
| 32a | 518 |
| 30 | 149 |
| 38a | 633 |
| 30 | 149 |
| 39a | 535 |
| 41a | 236 |
| 41a | 563 |
| 30 | 149 |
| 44a | 329 |
| 30 | 149 |
| 47a | 60 |
| 30 | 149 |
| 48a | 223 |
| 30 | 149 |
| 53a | 31 |

Dilworth v. McKelvy.

action with effect, and it appears that the defendant has only a special interest in the property *as against the plaintiff*—for example, a lien thereon for money due from the plaintiff to himself, or a mere claim to possession for a limited period; in such case judgment should not be rendered in favor of the defendant for the return of the property or the payment of the entire value of the property, but the value of the interest of the defendant in the property should be assessed, and judgment should be rendered in favor of the defendant for the value so assessed, or the return of the property until such value be paid, at the option of the defendant.

2. Where the defendant has only a special interest and the plaintiff is a stranger to the title, the entire value may be recoverd by the defendant as special owner, and he will be answerable over to the general owner to the extent of the latter's interest; in such case, the general value of the property would be assessed without regard to the value of the special interest. The judgment in each case must be modified by the circumstances, so that the merits of the controversy may, if possible, be settled in one action.

3. Where goods are shipped on board a barge to a port on the western waters, and the barge on the voyage is accidentally grounded and in danger of being lost by the perils of navigation together with the goods on board, and it becomes necessary, for the purpose of saving the barge and lumber from destruction, to unload and reload the same, and the master does so load and reload and take care of the barge and goods when so unloaded, it is a case for contribution, of general average.

## Appeal from St. Louis Court of Common Pleas.

The following are the instructions given by the court, of its own motion, and on which the case was submitted to the jury: " 1. If the jury believe from the evidence that the lumber sued for was with the other lumber shipped under the bill of lading read in evidence, and that, on the voyage from Pittsburgh to St. Louis, on the Ohio river, the said barge No. 17 was accidently grounded and in danger of being lost by the perils of navigation, together with the lumber on board, and that, for the purpose of saving the barge and lumber from destruction, it was necessary to unload and reload said lumber, and defendant, as master of the barge, did unload and reload the lumber, and take care of the barge and lumber whilst so unloaded, the owner of the lumber became liable for a part of the costs and expenses incurred by the defendant, as follows: that is, the barge, the freight list of the same, and the lumber, deducting the freight, were each to contribute to make up said expenses and costs ac-

cording to their value, and for the amount chargeable to the lumber the defendant, as master of the barge, had a right to hold possession of the same until the amount was paid or secured to him. 2. If therefore the jury shall find that the defendant had a right to hold the lumber according to the principles above stated, and did withhold the same from plaintiff on that account and no other, the jury ought to find for the defendant. 3. If, however, the jury shall find that the defendant had no such right, or did not withhold the lumber from the plaintiff on that ground, or if the defendant withheld the lumber known to him to be larger than the sum due to him, the jury will find for the plaintiff."

The other facts of the case sufficiently appear in the opinion of the court.

*J. K. Knight*, for appellant.

I. The court erred in refusing the instructions asked by plaintiff. (3 Kent, Com. 232 ; Story on Bailments, § 583 ; 2 Phillips on Ins. 1269, 1271 ; Stevens & Ben. 60, 101, 137, 280 ; 1 Conkl. Adm. 255, 221 ; 10 How. 270, 303 ; 1 Holts. 192 ; 11 S. & R. 61 ; 3 Stew. & Port. 136 ; 4 id. 383 ; Angell on Carr. 169 ; 1 Louis. 354 ; 6 How. 382 ; 28 Mo. 360 ; 23 Barb. 240 ; 8 Wend. 445 ; 21 Wend. 300 ; 5 Ham. 306 ; 3 M. & S. 483 ; 1 La. Ann. 57 ; 1 Hagg. 236 ; 1 Curt. 378 ; 10 Pet. 108 ; 2 Cranch, 240 ; 2 Peters, Admr. 295.) The instructions given by the court did not state the law correctly ; they were calculated to mislead. The first instruction assumes that accidental grounding is one of the excepted perils. This is erroneous. (10 How. 270 ; Benecke on Average, 138, 215 ; 1 Conkl. Admr. 221, 230.) It next assumes that the expenses of the master and crew, in unloading and reloading the lumber to avoid the perils of navigation, could become a charge on the same by way of lien for salvage service without any actual or constructive abandonment, distress or shipwreck. It leaves it to be inferred that the barge, the freight list of the barge, and the lumber, deducting the freight, were the only subjects to contribute to

make up the expenses. If it is a case of general average the steamboat, the barges in tow, and all their freight and cargo must contribute. (3 Kent, 232; 1 Louis. 354; 1 Sto. C. C. 463; 2 Sumn. 389.) The court erred in assessing the damages after a general verdict by the jury without notice to the plaintiff and on the mere motion of defendant. (1 Ld. Ray, 324; 5 Ohio, 227; 9 Ohio, 131; 21 Wend. 90; 28 Mo. 360.) The court erred in assessing the value of the property without other proof as to its value than the statement in the petition; so also in assessing the value at eight hundred dollars, when the defendant only claimed in his answer two hundred and ninety-eight dollars and sixty-four cents. The amount ought not to exceed the value of his special interest. (2 Seaman v. Luce, 23 Barb. 240.)

*F. C. Sharp* and *C. S. Hayden*, for respondent.

I. The instruction of the court correctly declares the principles of the law of general average as applicable to this case. (1 Parsons on Mar. Law, 288, 195, 297; 2 Phill. on Ins. 1269, 1288; 10 How. 270, 314; Abbott on Shipping, 475; 2 Marsh. on Ins. 538.) The verdict of the jury embraced all the issues in the case. The court properly gave judgment for the value of the property. The statute has no reference to the common law action of replevin. There are no vacancies to be filled up by the common law. The statute " undertakes to cover the whole ground and present a complete system." (Collins v. Hough, 26 Mo. 153.) The words of the statute are plain and positive, and will not on this point admit of construction. (R. C. 1855, p. 1242, § 11.) The only issue decided by the jury was whether the plaintiff was entitled to the possession. This being the sole thing settled by the jury, how could any other judgment be rendered in the case than that which was given? The defendant, in the evidence he adduced, was governed by the issue to be tried. He might have had other claims upon the property than that he set up—might have been responsible to third parties for the rest of the property, but, knowing

that the only issue on the trial was the right to possession, he did not adduce such evidence. In short, the absolute and ultimate ownership of the property was not tried nor necessarily in question.

NAPTON, Judge, delivered the opinion of the court.

This was an action by the general owner of property against a person claiming a lien on it. The suit was prosecuted under the provisions of the seventh article of our practice act, and the property was delivered to the plaintiff. A verdict was found for the defendant, which, however, under the instructions of the court, simply determined that he was entitled to the possession of the property, and a subsequent proceeding was had to inquire into the value of the property, which resulted in its assessment at its absolute value, without any ascertainment of the extent of the defendant's interest. A judgment was accordingly rendered for the full value of the property, or for its return, at the option of the defendant.

Our statute provides that if the plaintiff fails to prosecute his action with effect and has the property in his possession, the value of the property shall be assessed by the court or jury, and the damages for the detention. The judgment, in the event of a verdict for defendant, is directed to be for a return of the property or the payment of its assessed value, at the election of the defendant, and for damages and costs.

We are not of opinion that this statute intended the entire value of the property to be assessed except where the defendant is the absolute owner. Where the defendant has only a special interest in the property, the jury or court should assess the value of that interest. To assess the absolute value in such cases would lead to manifest injustice, as the result in the present case may serve to illustrate. Here, the defendant only claimed a lien on the lumber sued for to an amount less than the fourth of its value, and he gets a judgment for four times the sum he claims, or for the return of the property, with the privilege of electing which of these judgments he will enforce. So that if this judgment is to be

held conclusive and matters are to remain in this position, he is put in possession, if he so chooses, of a sum of money to which he concedes himself to have no right whatever, or another suit must be had to give the parties their just rights. The real subject of controversy is left undetermined ; the defendant's interest in the property is not ascertained.

It may happen in a suit of this kind, brought by the general owner of property against one who claims a special interest in it, that the defendant's interest in the property expires or is extinguished after the suit is brought and before judgment. In such an event the supreme court of Massachusetts held in one case that the judgment should be for costs only. (Wheeler v. Train, 4 Pick. 168)

It may happen again that the defendant is a bailee of the property, entitled to its possession for a limited period, which has not expired when the suit is tried. In such a case the value of the defendant's interest should be assessed and the judgment should be for that value or for the return of the property into the defendant's possession until his interest ceases.

The present is the case of a lien for a sum of money due from the plaintiff to the defendant. When the money is paid the lien ceases, and the defendant has no longer any right to the possession of the property. The judgment should be for the value of the defendant's interest, or for a return of the property until that value is paid, at the option of the defendant. Of course, if the plaintiff chooses to pay the amount of the lien, the defendant has no alternative but to receive it, and his right to the possession of the property ceases. But the plaintiff may not see proper to tender the money, in which event a judgment in the alternative, to be determined at the defendant's option, will give the defendant the advantage of selecting between an execution to enforce a moneyed judgment and the possession of the property until his claim is paid.

Where the defendant has only a special interest and the plaintiff is a *stranger*, then the entire value, according to

the ancient doctrine of the common law, may be recovered by the special owner, who is answerable over to the general owner for whatever interest remains after the special claim is satisfied. In such cases the general value of the property would be assessed without regard to the value of the special interest.

But this is not the case where the controversy is between the general and special owner. The judgment in each case must be modified by the circumstances, so that the merits of the controversy may be settled in one action. The statute is a general one, designed to meet all the exigencies which the old action of replevin did, and the equity of its provisions will embrace these modifications of the forms in which judgments should be entered. Such has been the construction in New York of a similar statute. (Seaman v. Luce, 23 Barb. 254–5; Russell v. Butterfield, 21 Wend. 302.)

The questions, on the trial, concerning general average, the circumstances under which it ought to be allowed, and the rules by which its burdens should be distributed, were not determined by the court of common pleas. In the view taken of the case it was unnecessary. The instructions on both sides were refused, and the only question submitted to the jury was as to the existence of the defendant's claim or lien. It is not necessary or perhaps proper that we should anticipate the action of the court on these questions in another trial; nor do we apprehend that there will be any serious difficulty in adjusting the rights of the parties on just principles. The instruction given by the court was, we think, right. An application of the principles upon which general average has been allowed in cases of sea-going vessels, would make the case proved upon the trial a proper one for contribution. It is settled that where the general safety requires a ship to go into port to refit, by reason of some peril, the necessary expenses of going into port and of repairing for the refitting the ship by unloading, warehousing, and reloading the cargo, are general average. (3 Kent Com., p. 236; Abbott on Shipping, 280.)

A point was raised by the testimony and discussed by the counsel in this court, as to allowing the plaintiff, in ascertaining his share of the general average, the value of his services and those of his servants and teams in unloading and perhaps in reloading the boat upon which his lumber was shipped. It appeared that the plaintiff, with his horses and servants, was employed for several days in hauling off his lumber from the keel-boat No. 17, and in fact that this work was done entirely and exclusively by his own workmen. The defendant's agents and workmen were, however, also engaged in protecting the boat from the ice and in moving her from point to point until she was finally landed. It does not appear that any other owner of freight on any of the other five barges, which were in the peril produced by the low water and ice, was present or contributed any aid or incurred any expense in securing the barges or their cargoes. In estimating the losses accruing from the expense of unloading the barges, the price of the plaintiff's services ought to be included in the general charges, and in determining his share of the general average the value of these services should be deducted from it.

The judgment is reversed and the case remanded. The other judges concur.