JOSEPH BABB, Respondent, *v.* SAMUEL TALCOTT, Appellant.

1. *Replevin — Wheat — Warehouse charges — Loss by fire — Set-off.* — In replevin for wheat, defendant justified the detention on the ground that he had a lien for warehouse charges. Plaintiff, *contra*, claimed that a part of the wheat had been destroyed through defendan's negligence to an amount equal to the storage charges. *Held*, that evidence touching the loss of the wheat was proper. The allowance of the damage therefor did not enlarge the scope of the petition permitting a recovery of wheat not sued for, but went simply to the extinguishment of defendant's lien.

*Appeal from Livingston Court of Common Pleas.*

*L. T. Collier*, for appellant.

*James McFerran*, for respondent.

CURRIER, Judge, delivered the opinion of the court.

The plaintiff sues in replevin to recover possession of a quantity of wheat which he says the defendant wrongfully detains from him.

The answer admits the defendant's possession, but justifies the detention of the wheat upon the ground that the defendant has a lien upon it to secure his warehouse charges.

In reply the plaintiff meets the claim for warehouse charges by alleging, in the way of recoupment, that some forty bushels of the wheat originally stored with the defendant were lost and destroyed through his negligence, whereby the plaintiff claims to have suffered damage to an amount equal to the defendant's rightful storage charges, and so the jury found the fact to be.

The defendant objected to the evidence in proof of the loss of the forty bushels of wheat, and to the instructions founded upon it. The objection is founded upon the assumption that the allowance of damages for the wheat lost, in effect enlarged the scope of the petition, and permitted a recovery for wheat not sued for. The assumption is without foundation. The wheat sued for and in the defendant's possession at the time the suit was instituted was seized and turned over to the plaintiff under the usual order in such cases ; that the plaintiff recovered, and it was all the wheat

recovered in the action. The damages allowed for the wheat lost and destroyed went simply to the extinguishment of the defendant's lien. The recovery under the petition was according to the petition and nothing more.

Judgment affirmed. The other judges concur.