# CASES DETERMINED

IN THE

## St. Louis and the Kansas City

# COURTS OF APPEALS.

OCTOBER TERM, 1887.

JOHN A. WORKMAN, Appellant, v. JOSEPH WARDER, Respondent.

Kansas City Court of Appeals, November 21, 1887.

1. AGISTER'S LIEN—WAIVER OF IT—DUTY AS TO ASSERTING—SECTION 3196, REVISED STATUTES.—Although a man may, under contract, establish a special property in a thing in the shape of an agister's lien, under the provisions of section 3196, Revised Statutes, yet this lien is such an one as may be waived by the party entitled to it. And the claimant of such lien, if he means to abide by it, should assert it in unequivocal terms, and not leave it to conjecture whether he bases his detention of the property on account of his lien, or some other ground. He cannot be permitted to maintain a lien in the face of his own disclaimer.

2. REPLEVIN—COUNTER-CLAIM OR SETOFF MAY BE ALLOWED AGAINST—CASE ADJUDGED.—A claim in the nature of a setoff or counter-claim may sometimes be allowed in an action of replevin. But in this case there are no damages asked by plaintiff and, therefore, nothing to set off, and besides the case was not tried on the theory of a setoff.

APPEAL from Lafayette Circuit Court, HON. RICHARD FIELD, Judge.

VOL. xxviii—1                                    (1)

*Reversed and remanded.*

J. M. CALLAHAN and GRAVES & AULL, for the appellant.

I. The court erred in refusing instruction number six on the part of plaintiff. The defendant expressly stated, on cross-examination, that he relied solely and exclusively upon the provisions of the stock law for all claims or lien to the stock in controversy, and the evidence failed to show any compliance with the provisions of that law, but, on the contrary, did show that he had not complied therewith. *Harriman v. Titus*, 3 Mo. 302; *Crook v. Peebly*, 8 Mo. 344; *Storms v. White*, 23 Mo. App. 31; Session Acts of 1883, 26, 27, 28, 194, 195; 2 Rev. Stat., 1440 to 1446; *Bayless v. Lafaivre*, 37 Mo. 119. So this identical case in *Wright v. Richmond* (21 Mo. App. 76).

II. The court erred in refusing instruction seven, asked by appellant. The defendant denies the ownership of plaintiff, and at the same time claimed, on examination in chief, that there was an agreement that if plaintiff proved to his satisfaction that the cattle were his, then he could keep them for pay.

III. The court erred in granting instruction for defendant that the burden of proving ownership and right of possession was on plaintiff. Plaintiff having proved ownership the burden was on defendant to prove a right to the possession. If, by agreement or otherwise, defendant was entitled to possession the burden is on him to prove it. *Storms v. White*, *supra*; *Wright v. Richmond*, *supra*.

IV. The court erred in overruling plaintiff's objections to the questions asked by defendant to show what the pasturage was worth, by proving the value of the cattle when they came there, and value when taken away. This is not the proper way to show what it was worth to pasture cattle.

V. The court erred in permitting evidence to go to

the jury on three inconsistent defences and giving instructions thereon. The defendant, on cross-examination, expressly elected to claim under the stock law.

VI. Defendant, at no time, filed any account for pasturage or feed.

I. W. WHITSETT and JOHN S. BLACKWELL, for the respondent.

I. There is no inconsistency in the two defences interposed by defendant. Both can be true. No such defence was made as that the defendant is entitled to the stock under the provisions of the stock law; and, if it had, it would have been perfectly consistent with defendant's other two defences. *Nelson v. Brodhack,* 44 Mo. 596; *McAdow v. Ross,* 53 Mo. 202; *State ex rel. v. Rogers,* 79 Mo. 286; *Ledbetter v. Ledbetter,* 88 Mo. 60; *Boutell v. Warne,* 62 Mo. 350.

II. No formal pleadings are required in justices' courts. It is only in cases of setoff that defendant is required to file with the justice before the trial commences an account or statement of his setoff. Rev. Stat., sects. 2851, 2917.

III. In actions of replevin in justices' courts all that is required of the defendant is that he or his attorney shall appear and demand that the right of property, or the right of possession of the property taken, shall be tried by a jury, and on such trial the plaintiff must prove that he is the general or special owner of the property, and entitled to the immediate and exclusive possession of the same. The statute seems to intend and contemplate that, under this demand of the defendant for a jury, and the purposes of a jury, that any evidence may be given which will defeat or tend to defeat the claim of plaintiff. Rev. Stat., 1879, sects. 2901, 2902, p. 487.

IV. Defendant had a lien on the cattle under his contract with plaintiff until he was paid for keeping, pasturing, and feeding said cattle, and plaintiff is not entitled to the possession of said cattle, nor can he

recover in this action, until he pays or offers to pay defendant a reasonable price for feeding or pasturing said cattle. Rev. Stat., sect. 3196, p. 538.

V. The court committed no error in admitting testimony offered by respondent. *Commission Company v. Mason*, 16 Mo. App. 473; *Coquard v. Union Depot Company*, 10 Mo. App. 261.

VI. The court committed no error in giving the instructions for the respondent, nor was there any error in the instruction given by the court of its own motion. Instruction number five given for respondent, is the law, because said instruction simply required plaintiff to prove the allegations of his statement, while instructions numbered six and seven given to respondent were authorized by the law and evidence, and placed fairly and squarely before the jury, the second defence of defendant, as to the promise of plaintiff to pay defendant for the pasturing and feeding of said cattle. *Storms v. White*, 23 Mo. App. 31; Rev. Stat., 1879, sect. 2902, p. 487.

VII. (*a*) Plaintiff's instruction, numbered six, was properly refused, because, first, as drawn it was not and is not the law; and, second, because said instruction, as asked by plaintiff, denied to defendant the right to have his claim for feed and pasturage of the cattle, under the contract made between plaintiff and defendant, considered, passed upon, or found by the jury. (*b*) Plaintiff's instruction numbered seven was properly refused, because, first, it was confusing, ambiguous and misleading; and second, because said instruction is based on the mistaken understanding of the law that defendant could not plead the general issue, and at the same time plead that he had a lien on the cattle by virtue of a contract made with plaintiff for the payment of a reasonable price for feeding and pasturing said cattle. *Storms v. White, supra.* (*c*) Plaintiff's instruction numbered eight was properly refused, because our statute does not in ordinary suits in justices' courts require any written account, statement, or pleadings on the part of defend-

ant, except in the case of claim of setoff. In an action of replevin in a justice's court, under the statute, no written pleadings of any kind are required on the part of defendant. The instruction eight, asked for by plaintiff, is based on the idea of the necessity of filing a written claim before the justice, and is erroneous. Rev. Stat., sects. 2851, 2917, 2901, 2902.

VIII. Defendant did not invoke the stock law, either as a defence or in the instructions he asked of the court. Plaintiff's authorities on this poin are not applicable to the issues herein involved.

IX. The issues were fairly presented to the jury and the judgment should be affirmed.

ELLISON, J.—This is an action of replevin for cattle, begun before a justice of the peace. Defendant prevailed below and plaintiff appeals. Plaintiff's evidence tended to prove his ownership of the property and that he was entitled to the immediate possession thereof. The defendant undertook to justify his detention of the property under the stray law. The trial court's rulings were against defendant on this branch of the case, and it is conceded that the case for defendant failed to show a compliance with the provisions of that law. There was also evidence for defendant tending to show that after the cattle came into his possession, plaintiff agreed with him to keep them for a stipulated price per month, thereby tending to establish in him a special property in the shape of an agister's lien under the provisions of section 3196, Revised Statutes. This lien is such an one as may be waived by the party entitled to it. Besides, the claimant of such lien, if he means to abide by it, should assert it in unequivocal terms and not leave to conjecture whether he bases his detention of the property on account of his lien or some other ground. Instead of this we have the defendant disavowing any other lien than that given him by the stray law. He says, in his cross-examination, that "all the claim I have to these cattle is under and by virtue of the stray or stock law. I base

all claim to any lien or other claim to these cattle, solely and exclusively under and by virtue of the stray or stock law. I have no other, and make no claim to these cattle excepting what lien I may have under the provisions of the stray or stock law. I base my claim solely and exclusively upon and under the provisions of the stock law." Under evidence of such positive and unequivocal character, I am not able to see how defendant can maintain his right to his judgment in this case. The verdict and judgment purport to be for the amount of his interest in the property. He can have no special interest in the property except by an agister's lien; he disavows the lien, and, therefore, disavows his special interest. But it may be said that defendant did make claim of this lien in his examination in chief. He there said, "I claim under my contract with him (plaintiff), made at Wellington in June, 1886; I claim under the stray law." From his whole testimony, however, it is clear that during all the time of his keeping the cattle he was holding them under the stray law, and not making claim to a lien. He states plaintiff was to pay him for keeping the cattle, and to go before the justice and make the necessary proof required by the stray law. And so he held on to the claim under the stray law down to, and into, the trial. He made proof of what he had done under the provisions of that law and then, after he was fully advised of the situation, by having heard the rulings of the court, he emphatically disclaims any other lien than such as he may have by the stray or stock law. He cannot be permitted to maintain a lien in the face of his disclaimer. It may be said the evidence showing the amount of defendant's account for keeping the cattle might be admitted to establish it as a setoff. A claim in the nature of a setoff, or counter-claim, may sometimes be allowed in an action of replevin. Wells on Replevin, sects. 631, 632; *Babb v. Talcott*, 47 Mo. 343; *Fairman v. Fluck*, 5 Watts, 516; *Phillips v. Monges*, 4 Whart. 226; *Peterson v. Haight*, 3 Whart. 150. But in this case, passing by the question whether such claim

should not have been filed with the justice before trial, there are no damages asked by plaintiff and, therefore, nothing to set off. Besides the evidence was not admitted nor was the case tried on the theory of a setoff.

As the only claim defendant made to the cattle was by an illegal proceeding under the stray law, the only question which should have been tried was plaintiff's ownership. As owner, he would be entitled to the immediate possession, unless by reason of some intervening legal cause, which, as has been stated, was not shown to exist in this case.

The judgment is reversed and the cause remanded. Philips, P. J., concurs. Hall, J., absent.