Gregory v. Tavenner.

MARY S. GREGORY, Executrix, *et al.*, Appellants. v. ISAAC TAVENNER, Respondent.

Kansas City Court of Appeals, January 6, 1890.

1. **Chattel Mortgages:** EQUITABLE, NOT LEGAL TITLE TO CHATTELS NOT IN ESSE. A mortgage of chattels not *in esse*, while it undoubtedly creates a valid lien in equity upon the after-acquired property of the mortgagor therein described, does not have the effect to pass the legal title thereto to the mortgagee (unless he has taken possession under the mortgage), and he cannot maintain an action at law to recover possession thereof.

2. **Replevin:** EQUITABLE LIEN ADJUSTED IN. Under the authorities and established law in this state, in an action of replevin, where it appears the parties to the suit have different rights in the property, their respective rights may be adjusted in such suit, and the judgment made to conform to the rights of the parties.

3. ———: ———: MORTGAGEE OF AFTER-ACQUIRED CHATTELS: EQUITIES ADJUSTED: ASSIGNMENT OF DAMAGES. And where the mortgagee of after-acquired chattels brings replevin for such chattels against the mortgagor, the trial court, in determining the *quantum* of damages of the defendant, should charge plaintiff with the total value of the property to which his equitable lien attached, and then deduct the ascertained amount of lien, and, if the lien equals or exceeds the value of the goods, the defendant cannot recover substantial damages.

4. ———: ———: ASSIGNEE FOR CREDITORS: TITLE AND EQUITIES OF. An assignee for creditors takes *cum onere* and has no better title than his assignor, and the mortgagee has the same rights against him as against the mortgagor.

5. ———: ———: CREDIT FOR MONEY PAID ON GARNISHMENT: ACTION AT LAW OR IN EQUITY. Where, after such mortgagee has replevined chattels charged with his equitable lien, he has been summoned as garnishee of the mortgagor, and on judgment in such proceeding has paid out money, he is not entitled in such replevin proceeding to credit for such payment under the garnishment, as, if, in the first instance, he had brought his proceeding in equity and not at law, the garnishment process would not have been possible, or, at least, not availing.

Gregory v. Tavenner.

*Appeal from the Jackson Circuit Court.*—HON. TURNER A. GILL, Judge.

REVERSED AND REMANDED.

*Lathrop, Smith & Morrow,* for the appellants.

(1) The agreement between plaintiffs and the Fords was valid as a mortgage upon the property in their possession at the time it was executed, and also upon the property thereafter acquired by them. Replevin would therefore lie for the recovery of the possession of such property. Jones on Chattel Mortgages, secs. 168-172; *Leland v. Collver,* 34 Mich. 418; *Cigar Co. v. Foster,* 36 Mich. 368; *Caldwell v. Pray,* 41 Mich. 307; *Curtis v. Wilcox,* 49 Mich. 425; *McCaffery v. Woodin,* 65 N. Y. 459. (2) Even if the court should hold that the agreement created only an equitable lien upon the property acquired by the Fords after the execution of the agreement, such lien attached to the property in the hands of the assignee, unimpaired by the assignment. Under our code legal and equitable actions are blended in one form of action, and the equitable lien would be established and enforced in an action of replevin. *Parker v. Jacobs,* 14 S. C. 112; *Hickman v. Dill,* 32 Mo. App. 509; *Dilworth v. McKelvy,* 30 Mo. 149; *Boutel v. Warne,* 62 Mo. 350, 355; *Dougherty v. Cooper,* 77 Mo. 528, 535; *Heaps v. Jones,* 23 Mo. App. 617, 621; *Christy v. Scott,* 31 Mo. App. 331; *Drug Co. v. Robinson,* 10 Mo. App. 587. (3) Defendant, as assignee, took the property subject to all equities. If the agreement was good *inter partes,* it was good against defendant. He did not represent creditors, and could make no attack upon the agreement that the Fords could not make. *Glass Co. v. Baldwin,* 27 Mo. App. 50; *State v. Rouse,* 49 Mo. 586, 593; *Harris v. Harris,* 25 Mo. App. 496–502; *Tufts v. Thompson,* 22 Mo. App. 564; *Peet v. Spencer,* 90 Mo.

384. (4) The agreement between plaintiffs and the Fords was good between the parties, even though it provided for a lien upon after-acquired property. *Dobyns v. Meyer*, 95 Mo. 132; *Hubbell v. Allen*, 90 Mo. 574; *Petring v. Chrisler*, 90 Mo. 649; *Hewson v. Tootle*, 72 Mo. 632; *Reynolds v. Ellis*, 103 N. Y. 115; *Ludwig v. Kipp*, 20 Hun. 266; *Wisner v. Ocunpaugh*, 71 N. Y. 113. Plaintiffs were entitled to offset the amounts they had paid under the garnishments. Defendant did not represent creditors and cannot dispute a conveyance of his assignor which is good *inter partes*. *Henrick v. Woode*, 7 Mo. App. 236; *Hauessler v. Tuckman*, 9 Mo. App. 594; *Tufts v. Thompson*, 22 Mo. App. 564.

*C. H. English* and *I. Tavenner*, for the respondent.

(1) The equitable lien claimed by plaintiffs in this action is founded upon a contract. They having failed to carry out the conditions and furnish the consideration of the contract, the equitable lien by them claimed never attached to the property. (2) The plaintiffs, having elected to claim under the assignment, and having presented the full amount of their claim for allowance, and the same having been allowed by the assignee, they are estopped in this action, as they cannot attack the assignment and also claim a benefit under it. *Stoller v. Coates*, 88 Mo. 514–523; *Sampson v. Shaw*, 19 Mo. App. 275–283; *Glass Co. v. Baldwin*, 27 Mo. App. 44–56; *Eppright v. Kauffman*, 90 Mo. 25–30; *Valentine v. Decker*, 43 Mo. 583–585. (3) The plaintiffs under contract with Fords affecting after-acquired property, possession of which having never been taken by plaintiffs, had only an equitable lien on same, which could have been enforced in a court of equity only. *France v. Thomas*, 86 Mo. 80–85; *Thompson v. Foerstel*, 10 Mo. App. 291–307; *Wright v. Birchen*, 5 Mo. App. 322–333; *Boutel v. Warne*, 62 Mo. 350; *Moody v. Wright*, 13 Metc. 17–32.

SMITH, P. J.—This was an action of replevin instituted October 17, 1883, to recover certain personal property in the·hands of the defendant, as assignee for the benefit of creditors of R. F. Ford and J. C. Ford, under a deed of assignment, executed October 16, 1883.

The petition was filed October 17, 1883. The defendant, in his answer, set up the assignment and claimed possession of the property in controversy by virtue of its provisions. Plaintiff's reply denied the allegations of the answer and set up an agreement between plaintiffs and J. C. Ford and B. F. Ford in the nature of a mortgage, covering the property, to secure an indebtedness to plaintiffs. The evidence showed that the Fords started in business in Kansas City in August, 1883. They entered into a written agreement with plaintiffs, dated August 4, 1883, and recorded October 4, 1883, by the terms of which, plaintiffs were to start them in business and furnish them in goods from time to time. The net proceeds of all sales were to be paid to plaintiffs every Monday morning. The agreement further provided that plaintiffs should have a lien to secure the Fords' running indebtedness, not only upon the property when in the possession of the Fords and owned by them, but also upon their "stock of merchandise and all additions thereto, and all store fixtures;" that said property should be "held and bound for the payment for said indebtedness." The indebtedness to plaintiffs amounted to $468.39 at the date of the assignment. There was also evidence tending to show that after the plaintiff received the goods under the replevin proceedings they were garnished in several suits before a justice of the peace brought by the creditors of the Fords, and judgments were rendered against them for $182.07, which were satisfied by them prior to the trial in this case.

A number of instructions were given and refused, which need not be set forth here.

The finding of the court was as follows: "The court finds that the plaintiffs were, at the institution of this suit, and now are, entitled to the following portion of the specific personal property in controversy; one horse, one wagon, counter and shelving, one desk, three pairs counter scales, one pair Howe's scales, and the court finds that the defendant was, at the institution of this suit, and now is, entitled to the possession of the remaining portion of personal property in controversy, and assesses the value thereof at three hundred and fifty dollars. Judgment was rendered accordingly, to reverse which the plaintiff prosecutes this appeal.

I. That part of the instrument which is the foundation of the plaintiffs' claim of right to the possession of the merchandise which constitutes, in part, the subject-matter of this suit, and which provides that the plaintiffs should have a lien to secure the running indebtedness of the Fords, not only upon the property owned by them, but, also, upon their "stock of merchandise and all additions thereto, should be held and bound for the payment of their said indebtedness,"—was a mortgage of chattels, not *in esse*, and while it undoubtedly created a valid lien in equity upon the merchandise subsequently acquired by the Fords—the mortgagors—it did not have the effect to pass the legal title to the mortgagees, as they had not taken possession thereunder. This construction is in harmony with the well-settled rule of law in this state, which has been applied in similar cases. *France v. Thomas*, 86 Mo. 85; *Petring v. Chrisler*, 90 Mo. 649; *Wright v. Belcher*, 72 Mo. 179; *Rutherford v. Stewart*, 79 Mo. 216; *Hughes v. Menefee*, 29 Mo. App. 192; *Rubey v. Coal & M. Co.*, 21 Mo. App. 159.

In *France v. Thomas*, and in *Rubey v. Coal & M. Co.*, *supra*, it was expressly held that such mortgages could not be made effective unless the mortgagee has acquired the possession under the mortgage by a

proceeding in equity, against the mortgagor, or those claiming under or through him, who had notice of the equity of the mortgagees before their titles or liens attached. It was further ruled in these cases that the mortgagee's title was not such as would sustain an action at law. It results, therefore, that the plaintiffs were not entitled to recover the possession of such after-acquired property in this form of action.

II. Though the plaintiffs could not sustain their action of replevin for the possession of such after-acquired merchandise, yet was the assignee entitled to recover the full value of such property without reference to the plaintiffs' subsisting lien therein? It is apparent upon the face of the record that he did so recover. The plaintiffs had a valid lien on that very property for an indebtedness which, perhaps, was in excess of the value thereof. Must he suffer a judgment for its full value and then resort to a court of equity to enforce his rights in respect thereto, or can his equities be adjusted in this kind of an action? We think they can, for these reasons: The assignee, under his assignment, succeeded only to the rights of the assignors, the Fords, and is affected by all the equities against the property, and took the same *cum onere* and subject to all equities. The assignment did not cut off the equities that were good against the Fords. He stands in their shoes. As to the title of the property in dispute, he occupies no better position than the Fords did. *Peet v. Spencer*, 90 Mo. 384; *State ex rel. v. Rouse*, 49 Mo. 586; *Tufts v. Thompson*, 22 Mo. App. 568; *Glass Co. v. Baldwin*, 27 Mo. App. 50. Then, as between the parties to the record, this case stands in law just as if it were a controversy between the mortgagors and mortgagees.

In this state we have two remedial systems, known respectively as law and equity, which are blended together in one system, administered in one court and

in but one form of action. The contract in this case, as we have seen, though void at law, is good in equity, and the question is whether, under our remedial system, the equitable rights of the parties arising under it can be recognized, adjusted and determined, in an action of replevin.

*Dilworth v. McKelvy,* 30 Mo. 149, was a suit by the general owner of property, against one claiming a lien therein. The verdict was for the defendant for the full value of the property, against the plaintiff. In the opinion in this case it was said that "the judgment should have been for the value of the defendant's interest, or the return of the property, until that value was paid." In *Lewis v. Mason,* 94 Mo. 551, Judge BLACK in his concurring opinion quotes approvingly from the opinion in *Dilworth v. McKelvy, supra,* which is to the effect, that a judgment in each case must be modified by the circumstances, so that the merits of the controversy may be settled in one action. The statute is a general one designed to meet all exigencies, which the old action of replevin did, and the equity of its provisions will embrace these modifications of the forms of which judgment should be entered, and remarked "that the established doctrine is that in an action of replevin when it appears the parties to the suit have different interests in the property, their respective rights may be adjusted in a replevin suit." The judgment must be made to conform to the rights of the parties, and these rights may be adjusted in a replevin suit. This decision is the most recent of a long line of decisions of the same purport. *Frie v. Vogel,* 40 Mo. 149; *Gilham v. Kerone,* 45 Mo. 487; *Boutel v. Warne,* 62 Mo. 353; *Dougherts v. Cooper,* 77 Mo. 535; *Keen v. Drew,* 90 Mo. 148; *Hickman v. Dill,* 32 Mo. App. 519; *Heap v. Jones,* 23 Mo. App. 621; *Christy v. Scott,* 31 Mo. App. 331. It is therefore made manifest by the authorities, just cited, that the trial court in determining the

*quantum* of damages, which the defendant was entitled to recover, proceeded upon an erroneous theory of the law of the case. In adjusting the rights of the parties in respect to the property in controversy this rule should have been observed by the trial court: (1) Ascertain the total value of the property, deducting therefrom the value of that part thereof, which the plaintiff was entitled to recover. (2) Then ascertain the amount of the lien on the property after deducting therefrom the ascertained value of the property, which plaintiffs were allowed to recover, and if this last amount shall be less than the ascertained value of said property, less that received by plaintiffs, the difference will be the amount which defendant ought to recover; but, if the amount of the lien shall be equal to or greater than the value of the property, there can be no substantial recovery by defendant. Under this rule it will be observed that the plaintiffs are charged with the whole amount of the goods to which their lien attached and that no deduction is allowed for the amount paid to the garnishing creditors. If plaintiffs had, in the first instance, brought their appropriate suit in equity, to have declared and enforced the lien of their mortgage, and to restrain the disposition of said merchandise *pendente lite*, instead of inconsiderately bringing this action at law the garnishment loss would not have been possible, or at least, the proceeding would not have been availing. Whether the garnishment creditors were entitled to recover the amount of the proceeds of the sale of said replevined merchandise, which they did, is a question we are not called upon to determine. The loss by the plaintiffs of a part of the proceeds arising from the sale of the property to which their lien attached resulted from their own imprudence, of which they should not be heard to complain. There are some other minor points suggested by counsel; but in the view of the case which we have taken, these have become unimportant,

and need not be considered. The judgment, for the defendant, assessing the damages, is reversed, and the cause remanded, with directions to the circuit court to ascertain the value of the property taken under the replevin process and the amount of the lien thereon, according to the rule we have stated, and then modify the judgment accordingly as the facts are made to appear.

Judge ELLISON concurs; Judge GILL not sitting.