THE CAMPBELL PRINTING PRESS AND MANUFACTURING COMPANY, Appellant, v. JOHN B. ROEDER, Respondent.

St. Louis Court of Appeals, March 24, 1891.

1. **Chattel Mortgages**: PAYMENT. The defendant in this cause took up certain notes of a third person, which were held by the plaintiff, and which, together with others, also held by the plaintiff, were secured by a chattel mortgage given by the maker of them. The notes thus taken up were indorsed by the plaintiff to the defendant without recourse. *Held* that the evidence established a purchase and not a payment of the notes by the defendant, as between him and the plaintiff.

2. ———: EFFECT OF TRANSFER OF DEBT. Where a note secured by a mortgage is transferred, the security follows the note in the absence of an agreement to the contrary.

3. ———: TRANSFER OF PART OF DEBT: PRIORITY OF PAYMENT. When different parties are the holders of notes secured by a mortgage, and the mortgaged property fails, upon foreclosure, to realize sufficient for the satisfaction of all the notes, the property should be applied to the satisfaction of the notes in the order of their maturity.

4. ———: REPLEVIN: ADJUSTMENT OF EQUITIES. When a mortgagee of chattels after condition broken replevies the same from one who holds some of the notes secured by the mortgage, and those moreover first entitled to payment under the mortgage, the equities of the parties as between themselves can be adjusted in the action.

*Appeal from the St. Louis City Circuit Court.*—HON. DANIEL DILLON, Judge.

AFFIRMED.

*Mills & Flitcraft*, for appellant.

( 1 ) Roeder was not a purchaser of the notes, and the transaction between Roeder and the plaintiff did not constitute a sale. *Hurck v. Erskine*, 50 Mo. 116 ; *Wolff v. Walter*, 56 Mo. 292. ( 2 ) Roeder, by the payment of the notes, was not subrogated to any rights under the mortgage. *Peltz v. Clark*, 5 Pet. 481 ; *Allen v. Dermott*, 80 Mo. 56 ; *Johnson v. Johnson*, 81 Mo. 335 ; *Taylor v. Tarr*, 84 Mo. 426 ; *Price v. Courtney,* 87 Mo. 387 ; *Wooldridge v. Scott*, 69 Mo. 669 ; *Wade v. Beldmeir*, 40 Mo. 486 ; *Bunn v. Lindsay*, 95 Mo. 2:9 ; *Young v. Miller*, 6 Gray, 152 ; *Crain v. Paine*, 6 Cush. 483 ; *Weil v. Mfg. Co.*, 7 S. Rep. 622. ( 3 ) In any event, the distribution should be *pro rata*, even in case of purchase of notes. *Mfg. Co. v. McCaigen*, 20 N. W. Rep. 500 ; *Harman v. Barhydt*, 20 N. W. Rep. 625 ; *Bank's Appeal*, 123 Pa. St. 473 ; *Holman v. Gilman*, 81 Me. 185 ; *Moore v. Moore*, 38 Me. 496 ; *Gordon v. Hazzard*, 11 S. E. Rep. 100 ; *Penzee v. Brookmere*, 51 . Ark. 105. ( 4 ) The action of replevin is appropriate for the disposition of this controversy. *Dilworth v. McKelvy*, 30 Mo. 149 ; *Gilham v. Kerone*, 45 Mo. 487 ; *Boutell v. Warne*, 62 Mo. 350 ; *Jones v. Evans*, 62 Mo. 375 ; *Dougherty v. Cooper*, 77 Mo. 536 ; *Kerr v. Drew*, 90 Mo. 147 ; *Lewis v. Mason*, 94 Mo. 551 ; *Hickman v. Delt*, 32 Mo. App. 509.

*E. P. Johnson*, for respondent.

( 1 ) Whether under all the circumstances the respondent became a purchaser of the paper or not is a question of fact, and, there being abundant evidence to support the finding of the trial court, this court should not disturb that finding. The evidence and legal presumptions overwhelmingly support this fact. ( 2 ) The notes are to be satisfied in the order in which they matured, regardless of who holds the mortgage. *Mitchell*

*v. Ladew,* 36 Mo. 526 ; *Thompson v. Field,* 38 Mo. 320 ; *Hurck v. Erskine,* 45 Mo. 484.

THOMPSON, J.—This is an action of replevin for a printing press. The case was tried before the court without a jury, and a finding and judgment were rendered in favor of the defendant, and the plaintiff prosecutes this appeal.

The case lies in a narrow compass. A firm of printers, doing business in St. Louis under the name of Pierce Bros., purchased the press in question from the plaintiff on credit for the sum of $1,200, and in settlement of the purchase price gave their twenty-four promissory notes of $50 each with interest, due at monthly periods. Pierce Bros., being unable to meet these notes as they successively fell due, procured the defendant Roeder to take them up for their accommodation and hold them until they could pay them. When the first note fell due, it was sent to St. Louis for collection to a banker. Roeder offered to take it up, if Pierce Bros. could get the banker who had it for collection to indorse it to him without recourse, but this the banker refused to do, and he had no instructions to that end. Roeder then took it up, and it was afterwards repaid to him by Pierce Bros. Pierce Bros. notified the plaintiff of this arrangement with Roeder, and when the next note fell due it was taken up by a direct transaction between the defendant and the plaintiff, in pursuance of the following correspondence : The defendant wrote to the plaintiff under date of April 13, 1889, as follows : "Herewith find my check for $51.28, with which to take up the note, due April 4, 1889, of Pierce Bros. Do not mark the note paid, please, as I want it kept in force and alive just as it is, until it is paid back to me. I am simply doing this as an accommodation to Pierce Bros." In reply to this the plaintiff transmitted the note in question to the defendant, indorsed by the plaintiff in blank, without recourse,

accompanying it with the following letter : ·'' We are in receipt of your esteemed favor of the thirteenth inst. with check inclosed for $51.28 to meet the note of Messrs. Pierce Bros., due April 4, 1889, for that amount. We thank you for same and herewith inclose the note."

Several other notes were successively taken up in the same manner, indorsed by the plaintiff to the defendant without recourse, they in their letters to him referring to them as "met," "taken up," etc. After Roeder had in this manner taken up six of the notes, Pierce Bros. failed, and Roeder took possession of the printing press. Other transactions supervened, which it is not necessary to state, because the plaintiff was not privy to them, and the evidence of them could not be used in any way to affect the plaintiff's rights. We rest our decision upon this statement of the facts, without more.

The plaintiff, having taken possession of the printing press under its writ of replevin, caused it to be sold to satisfy the mortgage. The court, on the foregoing statement of facts, gave judgment in favor of the defendant against the plaintiff for such a sum of money as represented what the plaintiff had advanced in taking up the notes with interest, together with his costs and damages in the premises. The amount of the judgment is not complained of, provided, as matter of law, the rights of the defendant under the mortgage were superior to those of the plaintiff; and that is the only question in the case. We are of opinion that the learned judge rightly decided this case.

The chattel mortgage, given by Pierce Bros. to the plaintiff upon the printing press, was given in terms to the plaintiff and the plaintiff's "assigns." Roeder did not *pay* the notes, but he *bought* them of the plaintiffs, and, in pursuance of an understanding that they should not be marked paid, they were indorsed to him without recourse; so that pursuing the language of his

first letter to them, which is the key to all the subsequent transactions, each note was "kept in force and alive just as it is, until it is paid back to" Roeder. Language could not be more explicit; and this, in conjunction with the assent of plaintiffs to the arrangement as evidenced by their delivering each note to Roeder, indorsed by them without recourse, shows conclusively that this was not a payment, but a purchase or transfer, the notes being kept alive as against the makers. But, if this question of fact were doubtful, it would remain to be said that the circuit court, sitting as the trier of the fact, has found it in favor of the defendant, and, as no instructions were asked or given, we are unable to review this finding, as we do not know particularly the theory on which the court proceeded.

The defendant was an "assign" of the plaintiffs under the mortgage to the extent of the notes secured by the mortgage transferred by them to him, and it is elementary law that, when a note secured by a mortgage or deed of trust is transferred, the security follows the note. The debt is the principal thing, and that is evidenced by the note, and the security follows the debt as a mere incident, in the absence of an agreement to the contrary. Of course, we do not question the proposition that, if instead of having the notes transferred to him "alive," Roeder had paid them, they would have been absolutely extinguished, and the mortgage could not have been kept alive for their benefit. *Bunn v. Lindsay*, 95 Mo. 250. We allude to this decision, because the argument of learned counsel for the appellant is built on the premise that this was a payment, which, as we have seen, is contradicted by what was written between the parties, and by what was done, and by what was found by the court sitting as a jury.

It remains to inquire then, whether Roeder was entitled to satisfaction under the mortgage out of the proceeds of the sale of the mortgage property prior to the plaintiff. We must answer this question in the

affirmative.   The supreme court of this state has decided after much deliberation that, where different parties are holders of notes secured by the same mortgage, which notes mature at different dates, they are not entitled to satisfaction *pro rata*, when the mortgage is foreclosed and distribution made, but the notes must be satisfied in the order of the dates of their maturity.   *Mitchell v. Ladew*, 36 Mo. 526 ; *Thompson v. Field*, 38 Mo. 320 ; *Hurck v. Erskine*, 45 Mo. 484.   As all the notes, which were transferred by the plaintiff to the defendant, matured at earlier dates than any of the notes which remained in the possession of the plaintiff, it follows that the defendant was entitled to satisfaction out of the proceeds of the sale of the mortgage property prior to the plaintiff.

But does it follow that these equities could be adjusted in the action of replevin ?   We must also answer this question in the affirmative.   In this state the action of replevin is sufficiently flexible to adjust equities of this kind.   The theory of our law is that, if the defendant in such an action has a special interest in the property or a lien upon it, to secure a special sum, and has possession of it, he has the right to hold it until that interest is satisfied or that lien discharged ; and, if it is taken from him in replevin, he is intitled to judgment for the value of his interest.   " Where the defendant has only a special interest in the property, the jury or court should assess the value of that interest.   To assess the absolute value in such cases would lead to manifest injustice."   *Dilworth v. McKelvy*, 30 Mo. 149. This principle is stated in   many cases.   *Boutell v. Warne*, 62 Mo. 350 ; *Jones v. Evans*, 62 Mo. 375 ; *Dougherty v. Cooper*, 77 Mo. 528 ; *Lewis v. Mason*, 94 Mo. 551 ; *Kerr v. Drew*, 90 Mo. 147 ; *Heaps v. Jones*, 23 Mo. App. 617; *Hickman v. Dill*, 32 Mo. App. 509.

The judgment will be affirmed.   It is so ordered. All the judges concur.