# DANIEL R. ANTHONY, Respondent, v. F. M. CARP, Appellant.

### Kansas City Court of Appeals, December 2, 1901.

1. **Replevin: ANSWER: STRIKING OUT: EQUITIES.** In an action of replevin where plaintiff claimed under chattel mortgage, one count in the answer set up the fraudulent character of the mortgage debt, its rescission and a new agreement by which the defendant held the property as agent for plaintiff and prayed for a cancellation of the note and mortgage: *Held,* properly stricken out on motion, as the count presented no equity pertaining to the property under question.

2. ———: ———: ———: **AGISTER'S LIEN.** In replevin, an agister's lien may be shown under general denial and is an interest in property involved and should be ascertained and adjusted in that

action, and where it is needlessly pleaded can not be stricken out on the ground of constituting no defense.

3. ———: EVIDENCE: AGISTER'S LIEN: PRESUMPTION: APPELLATE PRACTICE. In an action of replevin where the court has stricken from the answer special matter relating to an agister's lien on the stock replevied, evidence supporting such lien is still admissible under the general denial; and where such evidence is refused the appellate court must presume the defendant could have made the proof if permitted.

Appeal from Clay Circuit Court.—*Hon. J. W. Alexander,* Judge.

REVERSED AND REMANDED.

*Fenlon* and *D. C. Allen* for appellant.

(1)   The forms of pleading in civil actions in all courts of record in Missouri, and the rules by which the sufficiency of pleadings are to be determined, are, except as otherwise specially provided by law, prescribed by the code of civil procedure.   This includes the chapter on "Replevin," for in that chapter there is no special provision in regard to the pleadings, except as to the petition.   Accordingly the same rules as to the answer, counterclaim, defenses, legal or equitable, prevail in replevin as in all other civil actions in a court of record. Section 591, R. S. 1899; Sections 604, 605 and 606, R. S. 1899.   (2)   An equitable defense can be set up in and to any action at law, whatever its character; and appellant was fully entitled to his second defense which is, in effect, a crossbill seeking cancellation of the note and mortgage set out in the petition.   McCollum v. Boughton, 132 Mo. 601; Allen v. Logan, 96 Mo. 591; Wendover v. Baker, 121 Mo. 273. (3)   The statutes, both as to ejectment and replevin, prescribe, in general terms, what the petition in those actions shall contain.   It lays down no limitations on the defenses.

The following decisions show that our Supreme Court recognizes that other defenses than the general issue may be made in the action of ejectment, viz.: Durfee v. Moran, 57 Mo. 374; Major's Heirs v. Rice, 57 Mo. 384; Collins v. Rogers, 63 Mo. 515; Hodges v. Black, 76 Mo. 537; Hodges v. Black, 8 Mo. App. 389; Ledbetter v. Ledbetter, 88 Mo. 60; Fisher v. Stevens, 143 Mo. 181; Crowder v. Searcy, 103 Mo. 97. Ejectment is for the possession of realty, and replevin for the possession of personalty; and it is submitted that no possible reason can be given for a greater liberality in pleading where lands are concerned than where chattels are in issue. (4) In the case of Wendover v. Baker, 121 Mo. 273, our Supreme Court says . . . "the answer of defendant, setting up equitable defenses and praying for affirmative equitable relief, converts this case into a proceeding in equity, to be governed by principles and rules of procedure applicable to such cases." Our Supreme Court has repeatedly asserted the same principle. Freeman v. Wilkerson, 50 Mo. 554; Allen v. Logan, 96 Mo. 591; Och v. Railroad, 130 Mo. 27; O'Day v. Conn, 131 Mo. 321; Swon v. Stevens, 143 Mo. 384; Lewis v. Rhodes, 150 Mo. 498; Ridgeway v. Herbert, 150 Mo. 606; Smith et al. v. St. L. Beef C. Co., 14 Mo. App. 522; Grand Lodge v. Elsner, 26 Mo. App. 108. Appellant's second and third defenses both arose out of the same transaction or subject, to-wit, the fraudulent sale of the cattle to him by respondent, and are necessarily, under the statute, consistent with each other. And where defenses are consistent (arising from the same contract, or transaction, or subject), they may be set out in the same answer, whether legal or equitable, or arising from contract or tort. R. S. 1899, sec. 604; R. S. 1899, sec. 605; Ritchie v. Hayward, 71 Mo. 560; Grand Lodge v. Knox, 20 Mo. 433; Jones v. Moore et al., 42 Mo. 413; McAdow v. Ross, 53 Mo. 199; House v. Marshall, 18 Mo. 368; McCollum v. Boughton, 132 Mo. 621; Emery v. Railroad, 77 Mo. 339;

Kamerick v. Castleman, 23 Mo. App. 481; Heman v. Mc-Namara, 77 Mo. App. 1-7; Bowman v. Lickey, 86 Mo. App. 47. (5) But, if there were any question as to appellant's right to his second and third defenses, it was conclusively settled in his favor by Bowman v. Lickey, 86 Mo. App. 47. Ritchie v. Hayward, 71 Mo. 560.

*Martin E. Lawson* for respondent.

· (1) The second and third defenses were not defenses to this action of replevin. While the court will consider and adjust the equities of the parties, it is only liens and claims on the property itself that will be considered, and their priorities determined. Russe v. Hendricks, 75 Mo. App. 386. (2) This is not a suit on the note secured, or to foreclose the mortgage, on which a money judgment is rendered, but is a suit to determine who is entitled to the possession of the property sought to be recovered. Peters v. Lowenstein, 44 Mo. App. 406. (3) Accounts can not be adjusted or settled in a replevin action. The action of replevin sounds in tort and can not be turned into an equitable action for the adjustment of accounts between the parties. Cobbey on Replevin (2 Ed.), sec. 791, chap. 28, page 418; Wells on Replevin, sec. 630. (4) Appellant in both of said defenses states that respondent is the owner of the property replevined. And in his statement makes it positive. An answer in a replevin suit which does not deny that the property replevined is the property of the plaintiff, is insufficient and is properly stricken out. Barley v. Cannon, 17 Mo. 595; Cobbey on Replevin (2 Ed.), sec. 776, chap. 27, page 410; Cobbey on Replevin (2 Ed.), sec. 829, chap. 28, page 436. (5) An examination of all the authorities will conclusively show that in all cases the courts of this State regard a replevin suit simply as a trial of title and right of possession of personal

property. Only interests in and liens on the property will
be determined and their priorities adjudged, if presented to
the court. Russe v. Hendricks, 75 Mo. App. 386; Lewis v.
Mason, 94 Mo. 551; Dilworth v. McKelvy, 30 Mo. 149;
Barnes v. Rawlings, 74 Mo. App. 531; Pickett v. McCord,
62 Mo. App. 467; Campbell, etc., v. Roeder, 44 Mo. App.
324; Baldridge v. Dawson, 39 Mo. App. 527; Gregory
v. Tavenner, 38 Mo. App. 627; Boutell v. Warne, 62 Mo.
350; Smith v. Meyers et al., 47 Mo. 342.

SMITH, P. J.—This is an action of replevin to recover
the possession of twenty cows and twelve yearling calves.
The petition alleged a special ownership, property interest
and right of possession under a chattel mortgage conveying to
plaintiff said cattle to secure the payment of a promissory
note for $1,175; that the said mortgage provided that said
cattle should remain in the possession of defendant until de-
fault should be made in the payment of the said note or the
unreasonable depreciation in value thereof, or that the security
become inadequate. The petition further alleged that all of
said specified events had happened, whereby the plaintiff had
become entitled to the possession of said cattle, which was
denied to the plaintiff. Judgment was demanded for pos-
session and one hundred dollars damages for detention.

The answer contained (1) an admission of the execution
of the note and mortgage coupled with a denial of all the
other allegations of the petition; (2) the further allegation
that the defendant, by reason of certain false and fraudulent
representations—set forth at great length—made to him by
plaintiff, he was induced to purchase said cattle of plaintiff
and to give the said note and mortgage, which in consequence
thereof were without any valuable consideration; that there
was a subsequent agreement entered into between plaintiff
and defendant whereby the sale and purchase was rescinded

and the said cattle returned to the plaintiff; that plaintiff and defendant made a further agreement under which said cattle were re-delivered to the defendant as agent of the plaintiff with authority to sell and dispose of the same to the best possible advantage; and that defendant accordingly kept, fed and cared for said cattle on his farm from the time of such delivery until they were taken away from him under the writ and removed to the State of Kansas where plaintiff resides. After other allegations, which it is unnecessary to here summarize, there was the further allegation that plaintiff had been requested to deliver up said note and mortgage for cancellation, which he had refused to do, and therefore judgment was prayed that plaintiff be compelled to bring said note and mortgage into court for cancellation, etc. And for a further defense it was alleged (3) that by reason of the fraud and deceit practiced by the plaintiff in the sale of said cattle to defendant, the latter had been greatly damnified, and that by reason of the care and attention given by him to said cattle, involving the expense and cost of purchasing food for the same while in his possession prior to the date of the said rescission, with that thereafter incurred until the service of the writ, amounted to $275; and damages for loss of time as a direct result of said fraud and deceit in the aggregate sum of fifteen hundred dollars, for which judgment was demanded.

The plaintiff filed a motion to strike out that part of defendant's answer outlined by us in the two preceding paragraphs on the double ground that the same stated no defense and was had for duplicity. This motion was sustained, and to which ruling of the court the defendant properly saved his exceptions.

There was a trial on the issues made by the petition and the denial of the answer which resulted in judgment for the plaintiff, and the defendant appealed.

The first ground of the appeal which we are required

to notice relates to the action of the trial court in sustaining the plaintiff's motion to strike out those parts of the defendant's answer, the substance of which we have briefly stated. By the second defense pleaded by the answer the defendant conceded that both the title and possession of the cattle were in the plaintiff. The only relief sought was in equity for the delivery up for cancellation of the note and mortgage. No equity of defendant appertaining to the property in controversy was pleaded in this part of the answer. No defense whatever to the action is claimed to have been thereby pleaded to the action. By this so-called defense the plaintiff's action stood confessed. The court, in the exercise of its equitable jurisdiction was asked to make a decree which did not affect any interest in the property which was the subject of the replevin. And the same is true of the counterclaim pleaded in the third defense. Among the items of damage that are therein alleged to have resulted from the fraud and deceit is that of caring for and feeding plaintiff's cattle between the time they were turned over to the defendant by plaintiff to be sold and disposed of, and that of the caption.

For this service it is likely that under the statute (Section 4228, Revised Statutes 1899; Heaps v. Jones, 23 Mo. App. 617) the defendant had an agister's lien, which was available as a defense under the general issue. This lien entitled him to possession until its discharge (Revised Statutes, Section 4234); such right in the cattle could have been investigated and adjusted in this action. Workman v. Warder, 28 Mo. App. 1; Gregory v. Tavenner, 38 Mo. App. 627; Babb v. Talcott, 47 Mo. 343. The plaintiff as general owner had no right to take possession until he had discharged or at least tendered the amount of the agister's lien. Montieth v. Printing Co., 16 Mo. App. 453; Dilworth v. McKelvy, 30 Mo. 154. Under the general issue, the defendant may show that the plaintiff is not entitled to the possession at the time

Anthony v. Carp.

of the institution of the action because of the existence of the agister's undischarged lien thereon.     Young v. Glascock, 79 Mo. 574, and cases there cited.

And under such general denial, where the property is not claimed nor the return thereof demanded, the defendant would be entitled to judgment for the return of the property and nothing more.     Puller v. Thomas, 36 Mo. App. 105; Chemical Co. v. Nickells, 66 Mo. App. 678.     It is thus seen that the facts pleaded in the third defense tending to show an agister's lien, disclosed an interest in the property involved in the suit and should have been therein ascertained and settled.     Baldridge v. Dawson, 39 Mo. App. 527; Gregory v. Tavenner, 38 Mo. App. 627; Babb v. Talcott, 47 Mo. 343; Russe v. Hendricks, 75 Mo. App. 386; Barnes v. Rawlings, 74 Mo. App. 531; Pickett v. McCord, 62 Mo. App. 467; Campbell v. Roeder, 44 Mo. App. 324; Dilworth v. McKelvy, 30 Mo. 149; Boutell v. Warne, 62 Mo. 350; Lewis v. Mason, 94 Mo. 551.     While the facts constituting the agister's lien were needlessly pleaded in the third defense, they could not be stricken out on the ground that they constituted no defense.

As to so much of the counterclaim pleaded in such defense as related to the other items of damage, it is sufficient to say that as the claim did not appertain to any interest in the property, it could not be adjusted in the suit.

It is true as the defendant contends, that under our code of civil procedure (Section 605, Revised Statutes) the defendant may set forth by answer as many defenses and counterclaims as he may have, whether they be such as have been heretofore denominated legal, or equitable, or both.     But this provision in its application to the action of replevin, in the light of the adjudged cases to which we have referred, can not be construed as permitting defenses or counterclaims of the kind herein pleaded by the defendant.     The cases decided by

the appellate courts of this State, with one accord discountenance such pleading. The learned and industrious counsel for the defendant has supported his contention, both by his brief and orally, with a very ingenuous and able argument, but to which we are unable to agree. It seems to us, after all, that any inquiry into the question embraced in the defendant's contention is foreclosed by the adjudications in this State.

The defendant at the trial offered evidence tending to prove the facts alleged in his two several defenses, which offers were by the court rejected. The action of the court in rejecting so much of said offers as tended to prove the facts showing the agister's lien, or from which it could have been inferred, was, we think, erroneous. We are bound to presume that the defendant could have made the proof so offered by him. The tendency of which would have been to establish a special property or right to the possession thereof in the defendant, of which he could not be deprived by the plaintiff as general owner without first discharging his lien.

As we do not feel quite satisfied with the disposition made of this case by the trial court, we shall reverse the judgment and remand the cause. All concur.