90   147
38a 633

90   147
44a 329

90   147
54a   28

90   147
78a   98

90   147
87a 289

## KERR, *Appellant*, v. DREW.

**Replevin :** ATTACHMENT : INTEREST OF OFFICER IN ATTACHED PROPERTY : EVIDENCE. An officer has only such special interest in attached property in his possession as the lien of the attachment creates, and it is measured by the amount necessary to pay the debt for which the property was attached, and in an action of replevin against the officer to recover the attached property, evidence that the debt had been reduced by a sale of a portion of the property taken under the attachment is competent. .

*Appeal from Knox Circuit Court.*—Hon. Ben. E. Turner, Judge.

Reversed.

*W. C. Hollister* for appellant.

Where the defendant in an action of replevin has a special interest in the property, the jury or court should assess the value of that interest. *Dilworth v. McKelvey*, 30 Mo. 149; *Boutell v. Warne*, 62 Mo. 350; *Jones v. Evans*, 62 Mo. 375; *Dougherty v. Cooper*, 77 Mo. 535, 536. Plaintiff's evidence offered to show that the debt for which the property had been attached had been reduced by a sale of part of the property should have been admitted.

*McQuoid & Clancy* and *McKee & Smoot* for respondent.

Norton, J.—This is an action of replevin to recover the possession of certain personal property from the defendant, from whose possession it was taken and delivered to the plaintiff on execution by him of the statutory bond. The defendant in his answer, after denying plaintiff's right to the property, set up that he held it by virtue of four writs of attachment against one Charles Davis. On the trial defendant obtained judgment for two hundred and twenty-five dollars, the whole value of the property, and sixty-eight dollars damages for its detention.

During the trial plaintiff offered evidence tending to show that on the same day that the property was replevied the attachments were dismissed and renewed on the same day under which a portion of the property was sold and the proceeds, after payment of costs, applied as a credit on the debts represented in the attachment suits,

thereby reducing them from two hundred and nine to one hundred and fifty-five dollars. This evidence was rejected, to which plaintiff excepted. The defendant as constable had only a special interest in the property, such only as the lien of the attachments created, which is measured by the amount necessary to pay the debts con-- stituting the foundation for the attachment proceedings, and under the rulings of this court in the cases of *Dilworth v. McKelvey*, 30 Mo. 153; *Boutell v. Warne*, 62 Mo. 350, and *Dougherty v. Cooper*, 77 Mo. 535, 536, the evidence offered ought to have been received, and for the error committed in rejecting it the judgment will be reversed and cause remanded, to be proceeded with according to the rule established in the above cases. All concur.