DODD, BROWN & COMPANY, Appellants, v. JAMES WILSON, Respondent.

Kansas City Court of Appeals, May 23, 1887.

1. PRACTICE—MOTION FOR NEW TRIAL—NO EXCEPTIONS TO RULING UPON.—Where the motion for new trial was overruled, but *no exceptions* were taken thereto by plaintiff, this eliminates from the case all questions *except* those presented by the record proper.

2. REPLEVIN—DAMAGES—CASE ADJUDGED.—Where, in an action of replevin, the judgment *against* plaintiff was for the full value of the goods taken under the writ, but there was due, from defendant to the plaintiff *at the time of the trial*, a debt, the judgment should have been the *amount of the debt* less than it was.

APPEAL from Macon Circuit Court, HON. ANDREW ELLISON, Judge.

*Reversed and remanded with directions.*

The case and facts are stated in the opinion of the court.

DYSART & MITCHELL and JOSEPH PARK, for the appellant.

I. The court found for defendant on the ground

that the note secured by the mortgage was negotiable and entitled to days of grace, and that suit was prematurely bought. The *note was not negotiable*. *Fitzharris v. Leggett*, 10 Mo. App. 527 ; *McCoy v. Green*, 83 Mo. 626 ; *Bank v. Gay*, 63 Mo. 33 ; *Samslag v. Conley*, 64 Mo. 476 ; *Bank v. Marlow*, 71 Mo. 618. The words, " with exchange on St. Louis," introduce an element of *uncertainty* as to the sum to be paid, and destroys its negotiability.

II.   The note and mortgage *being contemporaneous* are to be construed together as *parts of the same transaction*. The *mortgage* was entitled to no days of grace. It was competent for the appellants to *stipulate for possession of the goods* in the mortgage, if the debt mentioned therein was not paid " *one day after date*," even if the note fell due at a later date. As to *the property*, and as between the parties to the transaction, the *mortgage governs*, and not the note. *Noell v. Gaines*, 68 Mo. 649 ; *Brownlee v. Arnold*, 60 Mo. 79. Even an *assignee of the note* would have taken it subject to any equities fastened upon it by the recorded mortgage. *Orrick v. Durham*, 79 Mo. 175.

III.   This was *not a suit on the note*, but for possession of the property transferred by the mortgage, and for the purposes of this suit it makes *no difference whether the note was negotiable or not, nor when due*. The note is not mentioned in the mortgage, and in effect and by its terms, it gives the grantees the right of possession, *if the debt be not paid one day after date*. This is a stipulation the parties had a right to make, even if the note had been payable six months after date.

IV.   It is true that defendant, in his answer, denies that plaintiffs were *entitled to the possession of* the property, but, by his special plea, bases such denial upon the ground that plaintiffs obtained said note and mortgage by *their fraudulent conduct*. It is not claimed or set up in the answer, that no default was made in the pay-

ment of the money, according to the terms of the. con-·tract, and hence defendant was allowed to recover on an issue *not raised by his answer*, which appellants submit was error. *Harris v. Railroad*, 37 Mo. 307 ; *Summers v. Rogers*, 2 S. W. Rep. 476.

V. The trial court passed upon the *first* instruction asked for by appellants, that it might appear in the record upon *what grounds* he found for the defendant. This is the only purpose of asking instructions when the trial is before the court. He refuses to pass on the second and third, "because, in the opinion of the court, it was unnecessary." If the court erred in giving the *first* instruction the case ought to be reversed. Refusing to pass upon the second and third, was the same as refusing them. The action of the court was equivalent to saying: "I hold the note to be a negotiable instrument, and, therefore, plaintiff can not recover."

VI. The judgment in *this case was erroneous*. If the finding was properly for the defendant, the judgment should have been for a non-suit, the return of the property, or payment of the assessed value thereof, at *the election of the defendant*. A defendant *may* make his election before the judgment is entered (68 Mo. 218), *but he must make his election*. This record shows no such election. Rev. Stat. sect. 38 ; *Cooper v. Ord*, 60 Mo. 410 ; *Stone v. Spencer*, 77 Mo. 356, 361 ; *Cunningham v. Snow*, 82 Mo. 587 ; *Kaniger v. Gerb*, 42 Mo. 44.

SEARS & GUTHRIE, with W. N. RUTHERFORD, for the respondent.

I. This cause was submitted to the court on *the pleadings* and *evidence*, without any instructions at all. The finding and judgment were for the defendant. The motion for a new trial only alleged the following errors : The admission of improper evidence, and the exclusion of proper evidence ; that the finding was against the law ; and against the evidence, and against the law and

evidence, and not warranted by the pleadings. (1) The matters as to the admission and rejection of evidence are abandoned in the bill of exceptions and in this court. (2) The motion was heard and determined at a subsequent term of the court *without any instructions being asked or refused.* (3) The motion *raises no objection* to any instruction. There were none for it to question. There is nothing for this court to review. *Harrison v. Bartlett*, 51 Mo. 170 ; *Margrave v. Ausmuss*, 51 Mo. 561, 568 ; *Brady v. Connelly et al.*, 52 Mo. 19 ; *State v. Ray*, 53 Mo. 345 ; *Parkinson v. Caplinger*, 65 Mo. 290, 294 ; *Barnes v. McMullins*, 78 Mo. 260, 276 ; *Hill v. Alexander*, 77 Mo. 296, 302, 303 ; *Baier v. Berberick*, 85 Mo. 50 ; s. c., 13 Mo. App. 587 ; *Smith v. Dunklin County*, 83 Mo. 195 ; *Thies v. Garbe*, 88 Mo. 146 ; *State v. Preston*, 77 Mo. 294, 296 ; *State v. Emery*, 79 Mo. 461, 462. (4) There were *no exceptions taken to the overruling of the motion for a new trial*, and the judgment must be *affirmed.* *City of St. Joseph v. Ensworth*, 65 Mo. 628 ; *Wilson v. Huxley*, 76 Mo. 345 ; *State ex rel. Dopkins v. Hitchcock*, 86 Mo. 281. *McIrvine v. Thompson*, 81 Mo. 647.

II. This court *can not consider* the instructions appearing in the record, as the bill of exceptions shows they were asked *after verdict*, and after the motion for new trial *was overruled.* Exceptions must be taken to the opinion of the court in the *progress of the trial*, and not after trial. *Randolph v. Alsey*, 8 Mo. 656 ; *Consul v. Liddell*, 7 Mo. 150 ; *Mattingly v. Moranville*, 11 Mo. 604 ; *Smith v. Dunklin County*, 83 Mo. 195 ; *State v. Bayne*, 88 Mo. 604 ; *Clasky v. St. Louis*, 50 Mo. 89 ; Rev. Stat. sects. 3655, 3635, 3636 ; *Kennard v. Peck*, 19 Mo. App. 342. The *pleadings* support the judgment and the judgment should be affirmed. The goods were sold and converted by the plaintiffs.

III. The *evidence* in this case shows that the note and mortgage were *only a part of the agreement between the parties* and the *whole contract* can be shown

by *parol.* *Life Association of America v. Cravens,* 60 Mo. 388 ; 2 Pars. on Cont. [6 Ed.] \*553 ; 1 Greenl. on Evid. [Redf. Ed.] p. 321, sect. 2840. Besides, there is *no objection* to the testimony of the defendant, and the court was bound to consider it, and could not find otherwise. But, after the execution of the papers, Austin re-affirmed the *whole parol understanding* and told Wilson " to go on and sell for cash, and send in the money weekly, or oftener." "There can be no doubt that written contracts may be altered by subsequent parol agreements, in relation to the time of performance," etc., says the supreme court in *Chambers v. Board of Education* (60 Mo. 379). *Balle v. Insurance Co.,* 73 Mo. 371, 385.

IV. But the note *was negotiable,* and the three days of grace had not expired, and the note was *not due* when suit was brought. *Turk v. Stahl,* 53 Mo. 437 ; *McCoy v. Farmer,* 65 Mo. 244. (1) " *With exchange on St. Louis,*" does not and cannot destroy its *negotiability.* 1 Daniel on Neg. Inst. [2 Ed.] p. 45, sect. 54 ; *Smith v. Kendall,* 9 Mich. 241 ; s. c., 80 Am. Dec. 83 ; *Johnson v. Frisbie,* 15 Mich. 291 ; *Leggitt v. Jones,* 10 Wis. 34; *Greutacup v. Woulloise,* 2 McLean, 581 ; *Price v. Teal,* 4 McLean, 201 ; *Bradley v. Lill,* 4 Bissell, 473 ; *Pollard v. Hearnes,* 3 B. & P. 335 ; *King v. Hamilton,* 12 Fed. Rep. 478 ; *Black v. Ward,* 27 Mich. 193. (2) All cases cited in appellant's brief from Missouri supreme court relate to *attorney's fees,* and have *no application* to the case at bar. It is respectfully submitted that the case of *Fitzharris v. Leggatt* (10 Mo. App. 527), is *not the law,* and is against the weight of authority. *Lame v. Bliss* (24 Ill. 168), has been confined to the narrowest possible limits in subsequent cases. *Clauser v. Stone,* 29 Ill. 114, 116 ; s. c., 81 Am. Dec. 299 ; *Hill v. Todd,* 29 Ill. 103 ; *Nickerson v. Sheldon,* 33 Ill. 374. (3) We submit that the opinion of the St. Louis court is out of line with the trend of late current decisions on commercial law, as well as current commercial practices and

necessities. In a case like this it is better to declare the exchange surplusage, as in *Clauser v. Stone* and *Hill v. Todd* (*supra*). Byles on Bills [Shars. Ed.] 73; *Bullock v. Taylor*, 39 Mich. 137; s. c., 33 Am. Rep. 356; *Witherspoon v. Musselman*, 14 Bush, 214; s. c., 29 Am. Rep. 404. (4) As showing that the strict doctrine of our supreme court in regard to the negotiability of commercial paper, ought not to be extended, we ask attention to *Trader v. Chidester*, 41 Ark. 242, and cas. cit.; s. c., 48 Am. Rep. 38; *Smith v. Crane*, 33 Minn. 144; s. c., 53 Am. Rep. 20; *Ricker v. Manufacturing Co.*, 14 R. I. 402; *Mercer Co. v. Hacket*, 1 Wall. [U. S.] 95.

V. The *note* is the principal thing—the mortgage a mere incident. Shall the *incident* control the *principal?*

ELLISON, J.—This is an action of replevin, the petition and affidavit charging an unlawful taking and detaining of the goods replevined. The affidavit contained a statement under section 3849, Revised Statutes, "that said property was wrongfully taken, and that plaintiff's right of action accrued within one year next before the filing of this suit." The goods were taken from defendant's possession. The answer was a general denial, with a special defence in addition.

The result below was in favor of defendant, and plaintiffs appeal.

It appears that the defendant executed to plaintiffs a note due "one day after date," regularly negotiable in form, except the words, "with exchange on St. Louis," it being claimed that these words destroyed the negotiability of the paper. This note was secured by a chattel mortgage on a stock of goods in defendant's possession till default in the payment of the note, etc. The special defence interposed was, in substance, that defendant being indebted to plaintiffs, and unable to immediately meet the demand, he executed the note

and mortgage, with the express verbal agreement that he should have sixty days in which to pay the note ; that he was to continue in possession of the goods for the purpose of selling and remitting the proceeds weekly to plaintiffs till their debt should be liquidated ; that the plaintiffs agent, the second or third day after obtaining the execution of the note and mortgage (fraudulently intending to do so from the beginning), instituted this action without warning, or further conference with defendant. On the trial defendant, among other things, claimed that the note was negotiable, and entitled to days of grace, and, therefore, the action was instituted before default was made, as stipulated in the mortgage. Plaintiffs contended the words, "with exchange on St. Louis," destroyed the negotiability of the note, and it was, therefore, not entitled to days of grace.

The motion for a new trial was overruled, but no exception was taken thereto by plaintiffs. This eliminates from the case all questions except those presented by the record proper. If there be patent errors in the record, which would be fatal to the judgment, we must reverse the judgment, notwithstanding there was no exception.

The answer, while containing a general denial, does admit that defendant gave a mortgage on the goods in controversy to secure to plaintiffs a note for the sum of $536.14, but alleged the note was not due at the institution of the suit.

The judgment rendered against plaintiffs was for the full value of the goods, as stated in the affidavit, viz: one thousand dollars and ninety-five dollars damages. As the mortgage and note were due at the time of the trial, the judgment should have been the amount of the debt less than it was. Our statute of replevin is of sufficiently flexible nature to adjust the rights of the parties in actions of this nature. *Dillworth v. McKelvey*, 30 Mo. 149 ; *Boutell v. Warne*, 62 Mo. 350 ; *Bougherty v. Cooper*, 77 Mo. 528

We will, therefore, reverse this judgment and remand the cause, with directions to the circuit court to enter judgment for the defendant for said sum of ten hundred and ninety-five dollars, less · the amount of plaintiff's note and interest at the rendition of the judgment. The costs of this appeal are hereby adjudged against the defendant. The costs of the trial will follow the judgment. All concur.