Baldridge v. Dawson.

———————

CYRUS BALDRIDGE, Appellant, v. HELEN DAWSON and Her Husband, Respondents.

Kansas City Court of Appeals, February 17, 1890.

*Judgment modified, March 3, 1890.*

1. **Replevin:** PREMATURE ACTION : DEBT NOT DUE : DEFAULT OF MORT-GAGE. Where, by an agreement between the mortgagor and mortgagee, the payment of the note and mortgage is, for a valuable consideration, extended to the twenty-second day of August, *held* that the time of payment of the note, as well as the time of default named in the mortgage, was fixed at August 22–25, and that suit on the morning of August 22 was prematurely brought.

2. **Chattel Mortgage:** STIPULATION FOR INSURANCE DEFAULT. A chattel mortgage provided that, upon failure to insure the mortgaged goods for the benefit of the mortgagee, that the mortgagee might so do, and the premiums so paid should become due on demand, and the mortgage stand as security therefor. *Held*, a breach of this covenant did not forfeit to the mortgagee the mortgagor's right to retain possession; but simply confined the mortgagee to the specific remedy therein given.

3. **Replevin:** DAMAGES : INSTRUCTION : EVIDENCE. An instruction that fairly tells the jury that, in assessing damages in replevin, they should regard the value of the use of the property replevined, the depreciation thereof occasioned by the taking and detention, etc., is examined and approved; likewise, the evidence is examined and found to support the instruction and verdict.

4.  ———: JUDGMENT : ADJUSTMENT OF ALL RIGHTS : APPELLATE PRAC-
    TICE. It is the definitely settled law of this state that the success-
    ful party in an action of replevin can recover only the value of
    his interest in the property, when the other party has likewise a
    claim or interest therein; and the statute intends that a complete
    and satisfactory adjustment of all the rights of the parties to the
    action shall be made, and a judgment ignoring plaintiff's debt due
    at the time of the trial and a lien on the replevined property cannot
    stand unmodified.

5.  Appellate Practice.  When the necessary facts are before the
    appellate court, it can make the necessary modification and enter
    the proper judgment.

*Appeal from the Jackson Circuit Court.*—Hon. J. H.
Slover, Judge.

Judgment modified.

*S. W. McCaslin* and *Robinson, O'Grady &
Harkless*, for the appellant.

(1) The note having fallen due on July 22, and so
remaining past due until August 8, the title to the prop-
erty, and the right to the possession, passed absolutely to
the mortgagee. *Robinson v. Campbell*, 8 Mo. 616 and 366;
*Dean v. Davis*, 12 Mo. 117; *Lacy v. Giboney*, 36 Mo.
320; *State ex rel. v. Adams*, 76 Mo. 612; *Beckman v.
Tootle, Hanna & Co.*, 19 Mo. App. 596; *State to the use
v. Carroll*, 24 Mo. App. 361; *Jackson v. Cunningham*,
28 Mo. App. 354; Jones on Chattel Mortgages, secs. 454,
634, 635 and 636.    And that such title and right to pos-
session was not returned or restored to the defendant
by the extension of time on the note from August 8 to
August 22, and, hence, the plaintiff had a right to take
possession on August 22.    *Bowens v. Benson*, 57 Mo.
26.    (2) That the agreement to insure the goods was
violated and, under the expression in the mortgage,
"or any agreement in this mortgage broken," such
neglect to insure worked a forfeiture of defendants'

Baldridge v. Dawson.

right to the possession, and, hence, the plaintiff was authorized to take possession on August 22. *Budding-ton v. Mastbrook*, 17 Mo. App. 578-580. (3) If it be conceded that the plaintiff was not entitled to the possession, on the twenty-second of August, because the note was not past due until the twenty-third of August, and because no other cause of forfeiture had occurred, yet this case must be reversed, because the rule of damages, as laid down in the court's instructions, given for the defendant, is incorrect. At the time of the trial, the defendant had suffered the debt to go past due, and so forfeited all her right to the property, and all her right to damages, except for the use of the goods for one day, the time between the time the suit was brought (August 22) and the time the note was past due (August 23). And the value of the use of the goods for that one day not having been proven, the defendant, at most, on undisputed facts, was only entitled to a judgment for nominal damages, and for costs. *Dodd, Brown & Co. v. Wilson*, 26 Mo. App. 462; *Boutell v. Warne*, 62 Mo. 354; *Dillworthy v. McKelvey*, 30 Mo. 153; *Dougherty v. Cooper*, 77 Mo. 528; *Kerr v. Drew*, 90 Mo. 148; *Frei v. Vogel*, 40 Mo. 149; *Gilham v. Kerone*, 45 Mo. 487. (4) The judgment, for three hundred dollars is not sustained by the evidence. (5) The debt fell due the next day after the suit was commenced; hence the plaintiff had a right, under the mortgage, to sell the property, at the time, and in the manner, he did sell it, and, out of the proceeds, to pay his debt, and deliver to the defendant only the surplus, over the debt and costs; and the court's instruction, number 2, should not have been given. The property having sold for less than the debt and costs, the judgment could only be for a nominal amount, even if no forfeiture had occurred at the time of the commencement of this suit. *Dodd, Brown & Co. v. Wilson*, 26 Mo. App. 462.

*Scarritt & Scarritt*, for the respondents.

(1)   The mortgagee has no right to possession of the mortgaged goods until condition broken.   *Sheble v. Curdt*, 56 Mo. 437; *Barnett v. Timberlake*, 57 Mo. 499; Jones on Chattel Mort., sec. 428.   (2)   By the agreement of August 8, the terms of the original contract, as embodied in the note and mortgage for a legally sufficient consideration, were modified and changed and the "time of payment of the note and the mortgage * * * extended to the twenty-second day of August, 1877." The maker had all the day of August 22 in which to pay the note even without grace.   *Greeley v. Thurston*, 4 Greenl. 479; *Bank v. Winn*, 40 Me. 62. (3)   But the note extended was entitled to grace and was not due till August 25.   1 Daniels Neg. Ins. [3 Ed.] sec. 613; *Brown v. Shock*, 27 Mo. App. 354; *Turk v. Stahl*, 53 Mo. 437; *McCoy v. Farmer*, 65 Mo. 249. (4)   An extension of the note for a valuable consideration saves the conditions of the mortgage, and until expiration of the extension the mortgagee has no right of possession.   *Baxter v. Spencer*, 33 Mich. 325; *Flanders v. Barstow*, 18 Me. 357.   (5)   The agreement of August 8, "extending the note and mortgage," effectually estops plaintiff from taking possession of the mortgaged goods until the period covered by that agreement has expired.   Bigelow on Estoppel [4 Ed.] p. 634; *Longfellow v. Moore*, 120 Ill. 287; *Hooker v. Hubbard*, 102 Mass. 239.   (6)   In the clause, with reference to insurance, it is expressly stipulated that the only right of the mortgagee in case no insurance was made by the mortgagor is to "insure said chattels and the premium money so paid shall become due on demand and this mortgage stand as security therefor."   The expression of one right or remedy excludes all others.   2 Parsons on Contracts [7 Ed.] p. 646, star p. 516 and authorities

cited. (7) Depreciation in value of the property occasioned by the taking and detention thereof is a proper element of damage. *Chapman v. Kerr*, 80 Mo. 158; *Pope v. Jenkins*, 30 Mo. 528; *Mix v. Kepner*, 81 Mo. 93. (8) The value of the reasonable use and service of the property during the time it is detained is another element of damage. *Burkholder v. Rudrow*, 19 Mo. App. 60; *Milling Co. v. Walsh*, 24 Mo. App. 97. (9) The judgment of the circuit court will not be reversed even though plaintiff is entitled to deduct from the value of the goods the amount of the note. This court will only direct a *remittitur* of the just amount. *Dodd, Brown & Co. v. Wilson*, 26 Mo. App. 462. But the amount of the note should not be deducted from the judgment in this case. The goods belong to Helen Dawson, a married woman. The suit was instituted before a justice of the peace. No judgment on a contract can be obtained against a married woman at law, nor can her contract be enforced at law either directly or indirectly. *Hooton v. Ransom*, 6 Mo. App. 19; *Alexander v. Tydick*, 80 Mo. 341.

GILL, J.—This is an action in replevin, brought by the plaintiff, a mortgagee, against defendants, mortgagors, for the recovery of the mortgaged goods, consisting of the furniture, etc., in a rooming, or boarding house in Kansas City. Mrs. Dawson, on November 22, 1886, borrowed two hundred and seventy-five dollars of the plaintiff Baldridge, for which she and her husband, the codefendant in this suit, gave a note and mortgage, the note due, by its terms in thirty days, and the mortgage securing its payment by a pledge of the goods, etc., here now in controversy. On payment of $13.75 from month to month the plaintiff extended the time of payment until July 22, 1887, when the defendants permitted the debt to run over-due until August 8, when defendants again paid the monthly reward of $13.75

and secured a further extension of a month, expiring August 22, 1887, not counting days of grace, which added would bring the due day to August 25, 1887.

This suit was instituted on the said August 22, and, thereunder, plaintiff took possession of the entire goods mortgaged. At the trial the jury found their verdict for the defendants and assessed the value of the goods, at that time, at one thousand dollars, and damages for taking and detention at three hundred dollars. Judgment was entered accordingly, from which plaintiff has appealed to this court.

I. As claimed by plaintiff's counsel, it is too well settled in this state to require further discussion that the mortgagee of chattels, after condition broken by mortgagor, is entitled to the possession of the goods so mortgaged. So then the failure of the Dawsons to pay Baldridge, as agreed on July 22, 1887, gave Baldridge the right of possession of these mortgaged goods. But the plaintiff did not assert this right at that time, but on August 8 he received from Mrs. Dawson a sum of money and made the following agreement, to-wit :—

"KANSAS CITY, Mo., August 8, 1887.

" In consideration of thirteen and seventy-five hundreths dollars, the time of the payment of the note and mortgage to me by Helen Dawson, and due on the twenty-second day of July, 1887, is hereby extended to the twenty-second day of August, 1887.

"CYRUS BALDRIDGE."

Plaintiff's counsel insists that the only effect of the above was to extend the time of the payment of the *note,* and did not postpone the right of Baldridge to an immediate possession of the goods, which had devolved on him by virtue of the prior breach in failing to pay the debt on July 22. To sustain this contention the case of *Bowers v. Benson,* 57 Mo. 26, is relied on. It was there held that a mere extension of time for the payment of the *debt* would not deprive the mortgagee

of his right of possession after the time named in the
mortgage for the payment of the debt secured. In
other words, it seems there decided that the debtor
may secure an extension of time as to the note, or debt,
without postponing the mortgagee's right to possession
for failure to pay at the time originally agreed on.
The case we have now in hand is one where there was
not merely an agreement for an extension of the time
for payment of the *debt*, but likewise a clear under-
standing for a modification of the time provided in the
mortgage. The "note and *mortgage*" is hereby
extended to the twenty-second day of August, 1887.
And on August 19, 1887, plaintiff Baldridge wrote to Mrs.
Dawson that her "note and *mortgage*" would be due
on August 22, 1887. Here was a contract between these
parties, for a valuable consideration fixing another day
for the maturity of the debt, and an agreement quite as
emphatic—postponing the date of default provided for
in the mortgage. We conclude then that, by virtue of
the agreement of August 8, the time of payment of the
note, as well as the time for default named in the mort-
gage, was fixed at August 22 to 25, 1887, and this suit
being instituted on the morning of August 22 was pre-
maturely brought, if the plaintiff expected to rely on
default in payment of the debt.

II.   The next matter, relied upon by the plaintiff
to justify the right claimed to recover possession of this
property, is the failure of the defendants' mortgagors,
to keep the goods insured for the benefit of the mort-
gagee, as required by this clause in the mortgage,
to-wit:   " The mortgagors also agree to keep said chat-
tels constantly insured in some company, satisfactory to
the mortgagee, the loss payable to him as his interest
may appear, and deposit the policy with him as collat-
eral security. *Upon failure to do so, the mortgagee
may insure said chattels for his benefit, and the pre-
mium money so paid shall become due on demand and*

*this mortgage stand as security therefor.*" We have italicized, in the foregoing quotation from the mortgage, the portion thereof which we think provides the remedy, and the *only* remedy for such failure to insure. This is not one of the covenants, a breach of which shall forfeit to the mortgagee defendant's rights to retain possession of the goods. This undertaking on the part of mortgagors is coupled with a penalty for its breach peculiar to such agreement. For a default in that regard plaintiff had his remedy *specifically* named, which impliedly at least excludes all others. 2 Parsons Cont., p. 516. "Affirmative specification excludes implication." *State ex rel. Jones v. Laughlin,* 73 Mo. 449.

III. We see no just reason to complain of the jury's assessment of damages for the taking and detention of the property in dispute. The instruction given by the court, in that regard, while perhaps subject to some technical criticism, yet fairly told the jury that in assessing such damages they should regard the value of the use of such property, the depreciation thereof occasioned by the taking and detention for the fourteen months the defendants were deprived of it, etc. All of which are proper elements of damages in cases of this sort. *Anchor Milling Co. v. Walsh,* 24 Mo. App. 100; *Chapman v. Kerr,* 80 Mo. 163.

There was, too, ample evidence to sustain the estimate of three hundred dollars' damages as fixed by the jury. There was testimony to the effect that the goods consisted of household and kitchen furniture for a building of some nine rooms; that the same were of good quality and in first-class condition; that the same were taken from the defendant's premises and carted away to an auction house, badly used and exposed, that the value thereof, when taken, was much above the value of one thousand dollars as fixed by the jury at the time of the trial, and hence the jury were justified in an

assessment of three hundred dollars' damages if put on the ground of *depreciation* alone.

Nor do we discover any substantial error in the admission of evidence tending to prove the *quantum* of damages. Mrs. Dawson, it is true, at times grew rather pathetic in detailing her damages, and uttered some irrelevant matter, yet it was promptly checked by the court, and the evidence was fairly kept within legitimate bounds.

IV. This judgment cannot be permitted to stand, as entered, and for the reason following : It is the law of this state definitely settled since the early decision of *Dilworth v. McKelvey* ( 30 Mo. 149 ), that the successful party in an action of replevin can recover only the value of his interest in the property, when the opposite party has likewise a claim or interest in the chattels. That the *value of the property* taken, to be assessed by the jury when plaintiff fails, as provided by section 3854, Revised Statutes, 1879, means the value of *defendant's* interest, when plaintiff has a charge or lien on the same. To give the defendant in such case judgment against plaintiff for the full, absolute value of the entire goods, it is said would work a manifest injustice. "The statute was intended to make a complete and satisfactory adjustment of all the rights of the parties to the action." *Boutell v. Warne,* 66 Mo. 350; *Dodd, Brown & Co. v. Wilson,* 26 Mo. App. 462; *Hickman v. Dill,* 32 Mo. App. 509. Now, how manifestly unjust it would be to permit these defendants to recover the entire value of these goods from the plaintiff, when such plaintiff has an interest therein to the extent of his money loaned with interest thereon. The interest of the defendants is not the entire value of the property, but such value less the interest of plaintiff. When this cause was tried in the circuit court plaintiff's claim against the property had matured and he was entitled to be paid out of the proceeds thereof. This proceeding

is not subject to the technical objection that the court would be rendering a *personal* judgment against Mrs. Dawson, a married woman, for the plaintiff's claim is against these goods. The point is that Mrs. Dawson, and her codefendant husband, should only be permitted to recover against plaintiff Baldridge the *extent of their interest* in the property, and nothing more.

We, therefore, reverse the judgment and remand the cause to the circuit court with instructions to modify its former judgment so as to reduce the amount thereof by the sum due plaintiff on his note for two hundred and seventy-five dollars with interest to the date of such judgment. The costs of this appeal should be adjudged against defendants. All other costs to be adjudged against plaintiff. All concur.

OPINION ON MOTION TO MODIFY JUDGMENT.

PER CURIAM.—On motion, duly filed for that purpose by the respondent, we have decided to so modify the judgment heretofore directed, by entering in this court the proper judgment instead of remanding the cause to the lower court for that purpose. The total amount of the defendants' judgment in the circuit court on October 24, 1888, was thirteen hundred dollars. Deducting therefrom plaintiff's note, and interest due to October 24, 1888, amounting to $307.25, leaves a balance of $992.75, for which the judgment *should* have been, in accordance with our opinion. Six per cent. interest thereon to the rendition of the judgment here (February 17, 1890) is $78.41, which being added to the principal of $992.75 results in a total of $1071.16, due defendants on February 17, 1890.

This cause then will not be remanded, but judgment will be entered here for defendants, as of February 17, 1890, for the sum of $1071.16 bearing six per cent. interest from said February 17, 1890. The costs will be adjudged as heretofore ordered.