G. P. L. CLINTON, Appellant, v. JAMES N. STOVALL, Respondent.

### Kansas City Court of Appeals, May 25, 1891.

1.   **Replevin:** VALUE OF PROPERTY IN VERDICT : JUDGMENT.   Where the plaintiff in replevin fails in his suit, and has the property in possession, the court or jury should assess the value thereof ; and a failure to do so is not cured by an assessment thereof in the judgment, which is erroneous.

2.   ———— : PLEADING : ANSWER MUST CLAIM PROPERTY.   An answer in replevin, if defendant wishes to recover the property, should claim the same and demand a return thereof, otherwise a court on a finding in his favor cannot give judgment for the value of the property.

*Appeal from the Vernon Circuit Court.*—HON. D. P. STRATTON, Judge.

REVERSED AND REMANDED.

*H. H. Blanton* and *J. B. Johnson,* for appellant.

The judgment of the court in this case is erroneous, and should be reversed because: *First.* The defendant in his answer makes no claim to the property as being his; from his answer his interest would have to be guessed at, and to support the judgment rendered he must make claim to the property. See section 7489 Revised Statutes of Missouri of 1889; further authority we deem unnecessary to cite. *Second.* Because the verdict of the jury does not find the value of the property in controversy, nor defendant's interest in same, and, therefore, does not support the judgment. *State ex rel. v. Dunn,* 60 Mo. 64; *Robbins v. Foster,* 20 Mo. App. 519; *Fulkerson v. Dinkins,* 28 Mo. App. 160.

No brief for respondent.

GILL, J.—This is an action of replevin, petition being in common form, plaintiff giving bond and possession of the property delivered to him. Defendant's answer is as follows, omitting the caption:

"Now comes defendant, and, for answer to plaintiff's cause of action, denies every allegation therein contained. Further answering he says that he has been damaged by the reason of the detention of said property by plaintiff, in being out of the use of the same in making crops, and in time spent in defending this suit, in the sum of $100, for which and the return of said property he prays.                    G. S. Hoss,

"Attorney."

The cause was tried by a jury and the following verdict was rendered:

"We, the jury, find the issues for the defendant Stovall, that he is entitled to the possession of the property in question.

"FOREMAN C. CORRELL."

Thereupon the following judgment entry was made by the court: "It is, therefore, considered and adjudged by the court that the plaintiff and his securities on the replevin bond, to-wit, G. N. Guthrie and C. A. Yater, return to the said defendant the property taken from him by the sheriff, and described in the writ of replevin as follows, to-wit: one iron gray mare, age four years, with sucking mule colt; one bay mare, age three years; one two-horse Nevada wagon; one one-half Jersey heifer one year old and one red bull, age three years, *or*, that they, the said plaintiff and G. N. Guthrie and C. A. Yater, pay to the defendant the sum of $285, the value of said property, at the election of said defendant, and that defendant recover his costs in this behalf expended, and that execution issue." From this judgment plaintiff appealed.

I.    The errors here are quite obvious.    The statute requires in cases of this kind, where the plaintiff in replevin fails in his suit, and has the property in possession, that the court or jury assess the value thereof, etc. R. S. 1889, sec. 7489.    This, the jury here neglected to do.    However the court, very strangely, entered up a judgment for defendant for the return of the property, or for $285 (said to be the value of the property), at the election of defendant, though the jury fixed no value. This was clearly erroneous.    *State ex rel. v. Dunn*, 60 Mo. 64; *Robbins v. Foster*, 20 Mo. App. 519.    The verdict did not warrant the judgment.

Again the answer is defective (if the judgment herein was expected) for the reason that defendant does not therein claim the property.    In an action of replevin, if the defendant has obtained possession of the property, the defendant must in his answer *claim the same and demand a return thereof;* otherwise the

court cannot, upon a finding in his favor, give judgment against the plaintiff for its value. R. S. 1889, secs. 74, 89 ; *Young v. Glascock,* 79 Mo. 574.

Judgment reversed and, cause remanded. All concur.