## S. W. PIERCE, Appellant, v. G. W. LOWDER, Respondent.

### St. Louis Court of Appeals, April 25, 1893.

1. **Fraudulent Conveyances**: PREFERENCE OF CREDITORS: INSTRUCTIONS. An instruction in an action involving the validity of a preference by an insolvent by the transfer of property in payment of a debt is erroneous, if there is a conflict in the evidence as to whether more property was transferred than was reasonably necessary to pay the preferred debt, and it directs a verdict upholding the preference as against other creditors without requiring a finding on that subject.

2. **Replevin**: RECOVERY BY DEFENDANT HAVING A SPECIAL INTEREST IN PROPERTY. When the general owner of property replevies it from a person having a special interest therein, such as a sheriff holding it under writs of attachment, and has possession of the property when the cause is tried, the recovery of the defendant, if the verdict is in his favor, is limited to the value of his special interest.

3. **Practice, Appellate**: REMITTITUR OF DAMAGES. When an instruction on the measure of damages is erroneous, and the facts determining the amount of the damages are conceded, the error may be corrected on appeal by *remittitur*.

*Appeal from the Barry Circuit Court.*—HON. JOSEPH CRAVENS, Judge.

REVERSED AND REMANDED *(nisi)*.

*H. C. Pepper* and *H. W. Hicks*, for appellant.

(1) Instruction 1 is erroneous for the reason that this was a transfer of property by a creditor in payment of an antecedent debt, and it does not matter whether Haggerty made the sale with the intent to hinder or delay or defraud his creditors, unless the plaintiff knew of and participated in such fraud-

ulent intent or purpose. *Shelly v. Boothe,* 73 Mo. 74; *Albert v. Besel,* 88 Mo. 150; *Frederick v. Allgaier,* 88 Mo. 601; *Morgan v. Wood,* 38 Mo. App. 255. (2) The instruction asked by the plaintiff should have been given. *Frederick v. Allgaier,* 88 Mo. 601, and cases cited.

*A. V. Darragh* and *Henry B. Davis,* for respondent.

Plaintiff's instruction was properly refused. It deals with the transaction involved as a "sale" by Haggerty to plaintiff. If the transaction was a sale, the proposition of law is not correct. In case of a fraudulent sale it is sufficient if the purchaser knows of the vendor's fraudulent purposes without actually participating in it. *Shelly v. Boothe,* 73 Mo. 76; *Frederick v. Allgaier,* 88 Mo. 602; *Morgan v. Wood,* 38 Mo. App. 264; *Deering v. Collins,* 38 Mo. App. 73. The instruction makes no reference to any indebtedness or any intention to pay it by an assignment of the goods. The instruction as it stood was clearly a bad declaration of law, and properly refused.

BIGGS, J.—This is an action of replevin to recover the possession of certain personal property from the defendant, from whose possession it was taken and delivered to the plaintiff. The defendant in his answer, after denying the plaintiff's right to the property, alleged that he held it under several writs of attachment against one C. H. Haggerty, aggregating in amount the sum of $430.

On the trial the issues were found for the defendant, and the value of the property assessed at $550. Thereupon the court entered judgment for the return of the property, or that the plaintiff and his sureties should pay its assessed value, as the defendant should elect. The plaintiff has appealed.

The assignments of error pertain solely to the instructions. The plaintiff asked the following instruction, which the court refused to give: "The court instructs the jury that, although they may believe from the evidence that said C. H. Haggerty sold the goods mentioned in the evidence to plaintiff for the purpose and with the intent to hinder, delay and defraud the creditors of said C. H. Haggerty, yet they will find for the plaintiff, unless plaintiff bought and took possession of said goods with the intent or for the purpose of hindering and delaying or defrauding tʰ⟩ said creditors."

Plaintiffs' claim to the goods is predicated on a purchase of them from Haggerty in payment of an alleged indebtedness due from Haggerty to him. Whether the goods exceeded in value the alleged debt was a matter of serious conflict in the evidence. Therefore, the instruction was properly refused, because it did not require the jury to find that no more goods were taken than were reasonably necessary to pay the debt.

The defendant asked no instructions. Those given by the court on its own motion concerning the right of recovery were authorized by the evidence, and, when read as a whole, presented the issues fairly to the jury. The jury was told in substance that, if at the time of the alleged purchase Haggerty was justly indebted to plaintiff in the amount claimed, and that for the purpose of paying such debt Haggerty sold and delivered the property in controversy to the plaintiff, and that the goods were reasonably worth the amount of said debt and no more, then the issues should be found for the plaintiff; on the other hand, if the jury found that Haggerty made the sale for the purpose of cheating, defrauding and delaying his other creditors, and that the plaintiff participated therein, or if within a reasonable time after the sale, regard being had to the

nature and situation of the property, the actual possession thereof was not taken by the plaintiff, or if the property was delivered to the plaintiff under an agreement that he was to sell it and pay ten per cent. of the proceeds to Haggerty, then the issues should be found for the defendant.

As to the measure of damages or the extent of the recovery, in the event the verdict was for the defendant, the court gave the following instruction: "The jury are instructed that, if you find for the defendant, you will find the value of the goods replevied herein at the present time, and state the amount in your verdict." The jury assessed the value of the property at $550.

Although the debts of the attaching creditors were undisputed, and although the plaintiff admitted that the writs of attachment were valid, yet this instruction was erroneous in so far as it was incomplete. The jury should have been instructed to find not only the value of the goods at the date of trial, but also the value of the defendant's special interest in the property, in the event that such special interest was less than the value of the goods. It has been the law of this state since the decision of *Dilworth v. McKelvy*, 30 Mo. 149, that, when the general owner replevies property from a person having a special interest therein, and the property is in the plaintiff's possession when the cause is tried, the defendant's recovery is limited to the amount of his special interest. *Gentry v. Templeton*, 47 Mo. App. 55; *Boutell v. Warne*, 62 Mo. 350; *Dougherty v. Cooper*, 77 Mo. 528; *Kerr v. Drew*, 90 Mo. 147. This error would necessarily lead to a reversal of the judgment and a remanding of the cause, if there were any controversy as to the extent of the defendant's special interest. That interest, however, is conceded by the testimony to have been been $434 at the date of trial. Where an instruction on the measure of damages is

erroneous, and the facts constituting the element of damages are conceded, the error may be corrected on appeal by *remittitur*.

If the defendant will within twenty days remit the sum of $116, which is the difference between the amount of the judgment and the amounts due on the demands of the attaching creditors at the time of the trial, the judgment will be affirmed for the residue; otherwise the judgment will be reversed, and the cause remanded. All the judges concur.