GEORGE W. FREEMAN, Respondent, v. J. L. LAVENUE, Appellant.

St. Louis Court of Appeals, March 3, 1903.

1. **Replevin:** DAMAGES. Damages to defendant in replevin can only be assessed in the action after final judgment in defendant's favor, and a motion for leave to introduce evidence to show defendant's damages can not be granted after final judgment, not awarding the property to either party.

2. ———: ———: CONSOLIDATION OF CAUSES. Where a replevin action has resulted only in an interlocutory judgment, a motion for leave to introduce evidence as to defendant's damage is premature, as there has been no final judgment in defendant's favor.

3. ———: ———: ———: JUDGMENTS. In a replevin suit tried
by the court, it found that the property was partnership property
of the plaintiff and defendant, to which neither was entitled to
possession, and ordered the action consolidated with a suit for
partition of the same property. The consolidated suit proceeded to
judgment, from which no appeal was taken; *Held*, that defendant
in the replevin suit was concluded by the judgment in the consoli-
dated suit, and was not thereafter entitled to introduce evidence
in the replevin suit to establish his damages.

Appeal from Wright Circuit Court.—*Hon. Argus Cox*, Judge.

AFFIRMED.

STATEMENT.

Plaintiff brought suit in the Wright Circuit Court
in 1899, in replevin, to recover of the defendant the
possession of a stock of drugs, medicines and paints.
The record does not show whether or not the mer-
chandise was delivered to plaintiff under the writ.
At the March term, 1899, of the Wright Circuit Court,
the cause was submitted to the court, without the in-
tervention of a jury, who, after hearing the evidence,
rendered the following judgment (omitting caption):

"Now on this day this cause coming on to be heard
and both parties answering ready for trial and a jury
being waived the cause is submitted to the court for
trial. Who, after hearing the evidence, finds that
prior to the commencement of this action the defend-
ant and one T. E. Gaskill were partners and joint own-
ers of the property in controversy in this suit and that
prior to the commencement of this action the plaintiff,
Geo. W. Freeman, acquired all the right, title and in-
terest of the said T. E. Gaskill, in and to said prop-
erty by purchase from said T. E. Gaskill and that
plaintiff and defendant were at the commencement of
this action and now are joint owners of said property
subject to the partnership debts, if any, of said T. E.
Gaskill and this defendant J. Len Lavenue. That

neither plaintiff nor defendant is entitled to the sole and exclusive possession of said property. And it further appearing that plaintiff herein has filed in this court his petition and affidavit against defendant for partition of said property asking for the appointment of a receiver and an accounting between plaintiff and defendant in relation to said property which cause is now number 194 on this docket.

"It is therefore ordered and adjudged that all further proceedings herein be suspended until final action of the court in said action for partition and accounting, and it is further ordered that all questions arising between plaintiff and defendant in relation to said property including all questions of damage and other questions, if any, that may arise or have arisen in this suit of replevin, be adjudicated in said action for partition and accounting, but should plaintiff fail or refuse to prosecute his said action for partition and accounting with due diligence to a final judgment, then all other questions arising in this suit and not herein now adjudicated shall on motion of defendant be adjudicated in this action at any future term of this court.

"It is further ordered that when a receiver shall be duly appointed and qualified in said cause for partition and accounting, the property in controversy in this action shall be turned over to him.

"It is further ordered that defendant receive of and from plaintiff his costs and charges accrued to this date in this action for which he may have execution."

On June 24, 1899, at an adjourned term of the March, 1899, term of the Wright Circuit Court, an order was made by the court appointing a receiver in the partition suit mentioned in the foregoing judgment. The receiver took possession of the merchandise involved in the replevin suit and administered it under the order of the court. At the September term, 1899,

the partition and replevin suits were, by order of the court, consolidated. At the March term, 1900, a change of venue of the cause was, on the application of the defendant, awarded to the Greene Circuit Court.

The cause was filed in the Greene Circuit Court, August 16, 1900. Defendant filed his answer in that court on September 12, 1900. An interlocutory judgment was rendered and a referee appointed by the Greene Circuit Court, November 23, 1900. The referee made his report to the Greene Circuit Court on November 28, 1900, and that court rendered a final judgment in the cause December 22, 1900, from which no appeal was taken and to which no exceptions were saved.

On April 2, 1902, the defendant filed his motion in the Wright Circuit Court for permission to introduce evidence of the value of the property replevied with a view of having his damages assessed. Plaintiff filed a motion to dismiss defendant's motion. The court sustained the motion to dismiss defendant's motion for leave to introduce evidence, etc., from which ruling of the court defendant duly appealed to this court.

*L. O. Nieder* and *Thos. H. Musick* for appellant.

The court having found that plaintiff and defendant were joint owners of the property and that plaintiff was not entitled to the sole and exclusive possession of said property, what was the further duty of the court? This is answered by sections 4473, 4474, 4475, Revised Statutes 1899, in imperative language. Berghoff v. Heckwolf, 26 Mo. 511; Ranney v. Thomas et al., 45 Mo. 111; Rosentreter v. Brady, 63 Mo. App. 398; Ingalls v. Ferguson, 138 Mo. 358.

*F. M. Mansfield* for respondent.

(1) There was no error in the court's refusal

to entertain the motion of defendant for permission to offer evidence as to the value of the goods. The two cases had, without objections, been consolidated, and the transfer of the cause by change of venue carried with it the whole cause, and all issues belonging thereto, to the circuit court of Greene county, and divested the Wright Circuit Court of all jurisdiction over it. Ex parte Haley, 99 Mo. 150; State v. Brumley, 53 Mo. App. 126; State v. Druesbery, 112 Mo. 277; State v. Busch, 120 Mo. 479. (2) It is a well-settled rule of law, in this State, that our statutory action of replevin was intended to effect a complete adjustment of all the rights and equities of all the parties thereto, in one action. Dilworth v. McKelvey, 30 Mo. 149; Bautell v. Worm, 62 Mo. 350; Daugherty v. Cooper, 77 Mo. 528; Lewis v. Mason, 94 Mo. 551; Balridge v. Dawson, 39 Mo. App. 527; Anthony v. Carp, 90 Mo. App. 387; Gregory v. Tavenner, 38 Mo. App. 627; Printing Press Co. v. Roeder, 44 Mo. App. 324; Cross v. Hulett, 53 Mo. 397.

BLAND, P. J.—1. If the goods were delivered to plaintiff under the writ of replevin and if the judgment in the replevin suit rendered at the March term, 1899, is a final one, the defendant's motion to introduce evidence with a view of establishing damages, came too late as the damages in the cause could be assessed only in the proceeding which resulted in a final judgment in his favor. Waite v. Van Houten, 51 Mo. 577; State ex rel. v. Dunn, 60 Mo. 64; Fulkerson v. Dinkins, 28 Mo. App. 160; Clinton v. Stovall, 45 Mo. App. 642. If the judgment rendered by the Wright Circuit Court, in March, 1899, is interlocutory, then the application for permission to introduce evidence as to the value of the goods was premature, as damages could be assessed only in a proceeding for a final

Vol 99 app—12

determination of the rights of the parties to the possession of the property in controversy.

2. But it seems to us that the judgment of the Greene Circuit Court concluded the whole matter. A replevin suit may become a suit in equity, at least equitable issues may be raised and determined in such a suit. Dilworth v. McKelvy, 30 Mo. 149; Lewis v. Mason, 94 Mo. 551; Baldridge v. Dawson, 39 Mo. App. 527.

The judge of the Wright Circuit Court found that there were equitable issues in respect to the rights of the parties in the property in controversy, to be settled in the replevin suit and we think very properly consolidated it with the partition suit. After the consolidation the change of venue was taken to the Greene Circuit Court and the whole matter was therefore within the jurisdiction of that court, and if defendant neglected to have his rights, if any, growing out of the replevin suit, adjudicated by that court, it was his own fault.

The judgment is affirmed. *Reyburn, J.,* concurs; *Goode, J.,* not sitting, having been of counsel.