## H. L. McWHERTER, Plaintiff in Error, v. J. H. RANDALL, Defendant in Error.

### Springfield Court of Appeals, June 18, 1921.

1. **CHATTEL MORTGAGES:** Amount of Mortgage Due Plaintiff Should be Deducted from Defendant's Judgment for Value of Property. Where a chattel mortgagee wrongfully took the property from the mortgagor by replevin, the value thereof for which defendant was entitled to judgment was the value of his interest in the property, so that it was error to give judgment for defendant for the full value of the property without deducting therefrom the the amount of the mortgage debt.

2. ————: Mortgagee Becoming Entitled to Possession Between Filing and Trial is Liable Only for Detention. Where a chattel mortgagee was not entitled to possession of the property at the time he filed an action in replevin whereby he took possession, but he became entitled thereto on the maturity of the mortgage debt before the trial of the action, defendant is not entitled to recover the value of the property, but is only entitled to his damages for the detention of the property from the time it was taken from him until the maturity of the chattel mortgage debt.

3. ————: Chattel Mortgagee Replevying without Foreclosure on Subsequent Breach is Liable for Value Less Mortgage Debt. Where a

207 Mo. App.—30

chattel mortgagee filed replevin and took possession of the property without excuse before the maturity of the debt, and did not, after the debt matured, foreclose and sell under the terms of the mortgage, but merely retained possession of the property, he is liable to the mortgagor for the value of the property less the amount of the mortgage debt.

4. **REPLEVIN: Rights of Parties at Time of Trial Should be Completely Adjusted.** In an action of replevin all the rights of the parties as they existed at the time of the trial of the action, and not merely those which existed at the time of the filing of the suit, should be completely adjusted.

Appeal from Pemiscot County Circuit Court.—*Hon. Sterling H. McCarty,* Judge.

REVERSED AND REMANDED.

*McKay & Meddling* for plaintiff in error.

*Ward & Reeves* for defendant in error.

(1)  By special statutory enactment the Supreme Court and Courts of Appeal have power to require parties to print abstracts of record, notwithstanding the appeal is taken on a long form and full transcript is filed in the appellate court.  Section 1482, R. S. 1919; McQueen v. Groth, 105 Mo. App. 65; Mink v. Chessney, 110 Mo. App. 334; William v. Harris, 110 Mo. App. 538; Matheany v. Redden, 163 Mo. App. 263.  (2)  And where no abstract of record is filed, as required by the Court of Appeals' rules, even though a full transcript is filed, the appeal or writ of error will be dismissed.  Matheany v. Redden, 163 Mo. App. 233; Foster v. Zinc Co., 189 Mo. App. 288; Childers v. Hurwitz, 144 Mo. App. 216; Crothers v. La-Force, 241 Mo. 365.  (3)  "Parties are bound on appeal by the theory adopted by them in the trial court."  White v. Pierce, 213 S. W. 512; Foege v. Woestendiek, 201 Mo. App. 382; Frank v. School Dist., 271 Mo. 585; Chicago R. I. & P. Ry. Co. v. Lydik, 187 S. W. 891.

COX, P. J.—Action in replevin; judgment for defendant and plaintiff brings writ of error.

Plaintiff on August 5, 1919, sold defendant a stock of goods kept in connection with a restaurant and also furniture used in a boarding house for $3318.35. Of this, $1500 was paid in cash and for the remainder of $1819.35, three notes due in four, eight and twelve months respectively were given and secured by a chattel mortgage on the property sold. This mortgage provided that on failure to pay either note or interest when due, all should at the option of plaintiff become due or in case of a sale or attempt to sell or dispose of said property or a removal or attempt to remove it from Caruthersville, Mo., or an unreasonable depreciation in value, the mortgagee might take possession and foreclose as therein provided. This suit was filed October 14, 1919, and plaintiff based his right of recovery on depletion and consequent depreciation of the stock and an attempted sale by defendant of part of the property covered by the mortgage. The case was tried December 16, 1919, and a verdict rendered for defendant in which the value of the goods was assessed at $3500 and damages for detention thereof at $800. Defendant elected to take the assessed value and damages and judgment was rendered in his favor for $4300. Neither of the notes was due when the suit was filed but the first note was past due when the case was tried. Possession of the property was delivered to plaintiff under the writ of replevin and he continued the restaurant business and retained possession of the goods to the time of the trial except what he had sold in the usual course of business.

The jury were instructed that if they should find for defendant, they should also find the value of the property taken under the writ but the instruction made no mention of the mortgage held by plaintiff against the property. This was error. Although the jury found the issues in defendant's favor and under the statute they were required to find the value of the property, yet this meant the value of defendant's interest in the property

which would not be the whole value of the goods but would be that value less the encumbrance against them. [Dodd-Brown & Co. v. Wilson, 26 Mo. App. 462; Baldridge v. Dawson, 39 Mo. App. 527; Barnes v. Rawlings, 74 Mo. App. 531; Hall v. Brannell, 87 Mo. App. 285; Dilworth v. McKelvey, 30 Mo. 149; Kerr v. Drew, 90 Mo. 147.]

In view of another trial, it may be well to state our views as to the real issues involved in this case as presented by the facts preserved in this record. According to the verdict of the jury, the plaintiff was not entitled to the possession of the property when he filed the suit but by the conceded fact that one of the notes secured by the mortgage was past due and unpaid at the time of the trial, plaintiff was entitled to the possession of the goods at that time. That being true, the question as to who was then entitled to the possession was not a controverted question. The question of who was entitled to possession when the suit was filed was involved only for the purpose of determining whether or not damages for the taking and detention of the goods by the plaintiff should be assessed in defendant's favor. If upon a re-trial, the jury should find that there had been no breach of the terms of the mortgage and that plaintiff was not therefore entitled to possession when he filed his suit, then defendant would be entitled to damages for the detention of the goods by plaintiff from the time that they were taken out of the possession of defendant under the writ of replevin until the date on which the first note secured by the mortgage matured and the right of possession by reason thereof passed from defendant to plaintiff. On the maturity of the note, plaintiff did not advertise and sell the property under the terms of the mortgage as he might have done but retained and used it for his own purposes and by so doing, made himself responsible to defendant for the actual value of the goods less the amount of the debt secured by the mortgage. If there were no breach of the terms of the mortgage, then plaintiff was not entitled to possession of the property until

the first note matured and he would in that event also be liable to defendant for damages, if any, suffered by him by the detention of the property by the plaintiff to that time.

It is a well settled rule of law in this State that our statutory right of action in replevin is intended to effect a complete adjustment in one action of all the rights of all the parties thereto in relation to the property involved. [Dilworth v. McKelvey, 30 Mo. 149; Boutell v. Warne, 62 Mo. 350; Dougherty v. Cooper, 77 Mo. 528; Lewis v. Mason, 94 Mo. 551, 5 S. W. 911; 8 S. W. 735; Dodd-Brown & Co. v. Wilson, 26 Mo. App. 462; Gregory v. Tavener, 38 Mo. App. 627; Baldridge v. Dawson, 39 Mo. App. 527; Burt v. Means, 41 Mo. App. 231; Freeman v. Lavenue, 99 Mo. App. 173, 72 S. W. 1085.]

This adjustment is to be made according to conditions existing at the time of the trial and the fact that one note was due and plaintiff was then entitled to the possession of the goods brings the rule as to the adjustment as to the rights of the parties into play and the fact that the note was not due at the time the suit was filed and plaintiff not then entitled to possession will not prevent the application of the rule. [Dodd-Brown & Co. v. Wilson, 26 Mo. App. 462; Baldridge v. Dawson, 39 Mo. App. 527.]

To properly adjust the rights of these parties, the jury should first find whether or not plaintiff was entitled to possession of the property when he filed his suit and if so, then no damages could be assessed to defendant but if he were not so entitled, then damages from that date to the date of the maturity of the first note should be assessed in defendant's favor. Whether plaintiff was entitled to possession when he filed his suit or not, he did not foreclose the mortgage when his right of possession became certain and hence he is accountable for the value of the goods. This value on the date of the maturity of the first note should be ascertained as nearly as can be and if damages are found to be due defendant, that should be added and then the amounts due on the

notes computed and deducted therefrom and the balance, if any, will be the amount due from plaintiff to defendant.

The judgment will be reversed and the cause remanded.

*Farrington* and *Bradley, JJ.,* concur.